Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Karen E. Nakon (SBN 278423)
knakon@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone:  (310) 277-1040
Facsimile:   (310) 943-3838

Matthew R. Mendelsohn (Awaiting *Pro Hac Vice* Admission)
NJ Attorney ID No. 015582005; NY Registration No. 4415915
**MAZIE SLATER KATZ & FREEMAN, LLC**
mmendelsohn@mskf.net
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 228-9898
Facsimile: (973) 228-0303

Attorneys for Plaintiff Farideh Haghayeghi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　　v.<br><br>GUESS ?, INC.;<br><br>　　　　Defendants. | Case Number:  14cv20-JAH(NLS)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *ET SEQ.*<br><br>DEMAND FOR JURY TRIAL** |

**Case No.**                          1
**COMPLAINT**

## INTRODUCTION

1. Farideh Haghayeghi ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Guess ?, Inc. ("Defendant"), in negligently, and/or willfully contacting Plaintiff through SMS or "text" messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. The Court possesses federal question subject matter jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3. This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because (i) there are 100 or more Class Members, (ii) upon information and belief there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

4. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant continuously conducts business in this district.

## PARTIES

5. Plaintiff Farideh Haghayeghi is, and at all times mentioned herein was, a citizen and resident of the State of California. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

**Case No.** 2
**COMPLAINT**

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware corporation, and a "person," as defined by 47 U.S.C. § 153 (39).

7. Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and within this judicial district.

## FACTUAL ALLEGATIONS

8. In recent years, marketers stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations to consumers easily and cheaply.

9. One of the newest methods of bulk marketing is to advertise through text messages sent to mobile phones.

10. Unlike faxes and unanswered phone calls, a text message allows virtually instantaneous communication with the recipient, almost anywhere in the world, day or night.  Many cellular phones immediately alert the recipient of new text messages.  Consumers frequently use text messaging to stay in close contact with business colleagues and associates, family members, and friends.  Text messaging is also used by schools, police departments, fire departments, and emergency medical services across the country.

11. The instantaneous nature of text message communication makes it very appealing to telemarketers—and very annoying to consumers subjected to spam text messages.

12. And unlike other forms of advertisement, such text messages actually cost its recipients money, because cellular phone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

**Case No.**   3
**COMPLAINT**

13. Over the course of an extended period beginning no later than in 2009, Defendant and/or its agents directed the mass transmission of text messages to cellular phones nationwide in an attempt to reach customers or potential customers of Defendant's products.

## THE CALLS TO FARIDEH HAGHAYEGHI

14. As recently as in 2013, Plaintiff received several unsolicited SMS or "text" messages on her cellular phone. The following are some examples:

> Our essential bandeaus are perfect for any summer look! Spend $75+ through 7/21 and get a bandeau with your purchase. Start shopping at GUESS.com.

> Introducing the new GUESS Student & Military Discount! Take 15% off in-store with a valid student or military ID! Find a store near you at http://vbs.cm/30a7U2

**Case No.** 4
**COMPLAINT**

> GUESS denim just got sexier! Try on a pair of full price GUESS jeans & get $20 off each pair. Shopping at GUESS.com? Enter code DENIM20 at checkout.

> Tonight, America's Next Top Model gets taken to new heights! Tune into The CW at 8/7c to see the contestants rock GUESS denim in the ultimate runway challenge!

15. These telephone text messages constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

16. These calls were made to promote Defendant's goods and services.

17. These unsolicited text messages were placed to Plaintiff's cellular phone using an "automatic telephone dialing system" ("ATDS")—as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A)—which had the capacity to store or produce and dial numbers randomly or sequentially, and to place telephone calls and/or SMS or text messages to Plaintiff's cellular telephone.

18. The telephone numbers to which Defendant or its agents called and/or sent the text messages were assigned to cellular telephone services for which Plaintiff and prospective class members incurred charges in violation of 47 U.S.C. § 227(b)(1).  Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

19. Defendant never told Plaintiff that it would use her cellular number to send her promotional text messages through an ATDS.

20. These telephone text messages by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

22. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited SMS or text messages from Defendant or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the SMS or text messages, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which SMS or text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

23. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Therefore, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**Case No.** 6
**COMPLAINT**

24. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited SMS or text messages and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or otherwise revise the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned in further investigation and discovery.

26. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed cellular telephone SMS or text messages without the recipients' prior express consent (other than SMS or text messages made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing to any telephone number assigned to a cellular telephone service;

**Case No.**      7
**COMPLAINT**

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

   c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

28. Because Plaintiff received at least one unsolicited telephone SMS or text message without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

30. Plaintiff has retained counsel experienced in handling class action claims. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**Case No.**        8
**COMPLAINT**

# FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

32.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.  By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of consumers without human intervention.  These text messages were made *en masse* through the use of a short code and without the prior express consent of Plaintiff and the other members of the Class to receive such text messages.

34.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35.  As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of consumers without human intervention. These text messages were made *en masse* through the use of a short code and without the prior express consent of Plaintiff and the other members of the Class to receive such text messages.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

42. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class

1  member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

44. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

45. As a result of Defendant's, and Defendant's agents', willful and /or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

47. Any other relief the Court may deem just and proper or any other remedy available for Defendant's violations alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated:  January 3, 2014          Respectfully submitted,

STRATEGIC LEGAL PRACTICES, APC

By: s/ Karen E. Nakon
Karen E. Nakon
Attorneys for Plaintiff Farideh Haghayeghi
E-mail: knakon@slpattorney.com

Case No.                    11
COMPLAINT

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated

## DEFENDANTS
GUESS ?, INC.

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Payam Shahian; Karen E. Nakon; Strategic Legal Practices, APC 1875 Century Park East, Ste 700, Los Angeles, CA 90067; (310) 277-1040

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
47 U.S.C. § 227 et seq.; 28 U.S.C. §§ 1332(d)(2) and (6)
Brief description of cause:
Defendant negligently and/or willfully contacted Plaintiff through SMS or text message on Plaintiff's cell phone

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** Exceeds $5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: January 3, 2014
SIGNATURE OF ATTORNEY OF RECORD: s/ Karen E. Nakon

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.