COOLEY LLP
MICHELLE C. DOOLIN (179445)
(doolinmc@cooley.com)
LEO P. NORTON (216282)
(lnorton@cooley.com)
DARCIE A. TILLY (239715)
(dtilly@cooley.com)
NEAL R. GIBEAULT (299730)
(ngibeault@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
Guess?, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUESS?, INC.,<br><br>Defendant. | Case No.  14-cv-00020-JAH-NLS<br><br>**JOINT MOTION AND STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE NO. 2**<br><br>Judge:    Hon. Nita L. Stormes |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 26.1 of the United States District Court for the Southern District of California, and Honorable Nita L. Stormes's Chambers Rules, Plaintiff Farideh Haghayeghi ("Plaintiff") and Defendant Guess?, Inc. ("Guess") submit the following joint motion for determination of discovery dispute.

## I. DISCOVERY ISSUES IN DISPUTE

The Parties disagree and have been unable to resolve the following issues with the listed written discovery requests:

**Request for Production No. 13:**

**Request No: 13**:

All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and GUESS or any GUESS current or former employee, regardless of whether any GUESS current or former employee was on duty at the time of the communication, or not.

**Response to Request No. 13:**

Plaintiff objects to this Request as it is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the vagueness, ambiguity, and unduly burdensome nature of the Request insofar as it purports to require the disclosure of information without reasonable specificity, limitations on duration or to require the identification of information freely and easily available to Defendant. Plaintiff further objects as it seeks information on topics as to which discovery is not complete. Plaintiff also objects to this request to the extent it calls for Plaintiff to provide information in the possession of persons other than Plaintiff. Plaintiff also objects to the extent this request asks Plaintiff to speculate about current and former employees and who they are. Plaintiff further objects to this Request seeks to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.

**Defendant's Reason to Compel Production**: This request is directly relevant to the merits of Plaintiff's TCPA claim because it relates to the text messages that Plaintiff allegedly received, her enrollment in Guess List, her enrollment in text alerts, and Plaintiff's knowledge of the text message program terms and conditions.

**Plaintiff's Basis for Objections:**

This request is overbroad and, by its terms, not limited to the claims and defenses of this litigation—as Defendant effectively concedes in its portion of the Joint Memorandum.

Nevertheless, consistent with the parties' meet-and-confer efforts, Plaintiff offered, in a good-faith effort to resolve the parties' dispute, to supplement its response to this request—but only as to documents that relate to the allegations that have been asserted in this litigation. Defendant refused to accept this offer.

"Parties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense of any party* . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Correspondingly, documents that do not relate to either the claims or defenses of the parties are, by statutory definition, not discoverable. Accordingly, to the extent the request seeks documents outside the scope of this litigation, Plaintiff stands on her objections.

**Request for Production No. 18:**

**Request No: 18**:

All DOCUMENTS CONCERNING YOUR ability to control or participate in this litigation, including YOUR ability to fund this lawsuit.

**Response to Request No. 18:**

Plaintiff incorporates by reference the above General Objections and further objects to this Request as it seeks information irrelevant to the claims or defenses of any party to this litigation. Specifically, Plaintiff objects to the Request as it purports to require the disclosure of information and description of information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as it is vague, ambiguous, overly broad, and unduly burdensome. Specifically, Plaintiff objects to the vagueness and ambiguity of the terms, "control or participate in this litigation" and "ability to fund this lawsuit." Plaintiff further objects to the extent that this Request seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine. Plaintiff also objects to this request because its vague, ambiguous and overly broad.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

**Defendant's Reason to Compel Production**: This request is directly relevant to the questions of whether Plaintiff and Plaintiff's counsel can adequately represent the putative class or whether there is a conflict of interest between Plaintiff and the putative class.

**Plaintiff's Basis for Objections:**

As explained in greater detail in Plaintiff's portion of the Joint Memorandum, several leading cases and treatises hold that litigation funding documents are not relevant to certification issues, especially where the defendant, as here, has presented no factual basis for speculating about conflicts of interest between counsel and Plaintiff. Accordingly, Defendant has failed to justify its request for litigation funding documents.

Moreover, Plaintiff offered to provide a declaration attesting that there is no special incentive agreement of the kind discussed in *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, and suggested that Defendant propound an interrogatory explicitly asking her about such payments. Defendant, however, flatly refused these offers, belying its claim that it seeks litigation funding documents for the purpose of determining whether a conflict of interest exists. Finally, Defendant will be taking Plaintiff's deposition, where Defendant will have the opportunity to question Plaintiff on her adequacy.

**Request for Production No. 22:**

**Request No: 22**:

> All DOCUMENTS that CONCERN or constitute any retainer agreement, retention agreement, engagement letter, or engagement agreement between YOU and YOUR attorneys of record, including any attorney associated or of counsel therewith or any member, partner, or shareholder therein.

**Response to Request No. 22:**

> Plaintiff objects to this request as being vague, ambiguous and overly broad. Plaintiff also object to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b )(2). Plaintiff objects to this request to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

on the grounds that it seeks production of documents protected by the attorney-client privilege. See FED. R. EVID. 501; CAL. BUS. & PROF. CODE § 6149; CAL. EVID. CODE § 952; Hemphill v. San Diego Ass'n of Realtors, Inc., 225 F.R.D. 616, 624 (S.D. Cal. 2005) (stating that not only are written fee agreements confidential and privileged, but are also not relevant); Dietz v. Meisenheimer & Herron, 177 Cal. App. 4th 771, 786, 99 Cal. Rptr. 3d 464, 475 (2009) (holding that "[a]mong those communications subject to the duty of confidentiality and the attorney-client privilege, is a written fee contract between an attorney and a client.").

**Defendant's Reason to Compel Production**: This request is directly relevant to the issue of whether Plaintiff and Plaintiff's counsel can adequately represent the putative class or whether there is a potential conflict of interest with the putative class. Ninth Circuit law recognizes that retainer agreements are not privileged and can be requested through discovery.

**Plaintiff's Basis for Objections:**

As explained in greater detail in Plaintiff's portion of the Joint Memorandum, several leading cases and treatises hold that retainer agreements, retention agreements, engagement letters, and engagement agreements, *etc.*, are not relevant to certification issues, especially where the defendant, as here, has presented no factual basis for speculating about conflicts of interest between counsel and Plaintiff. Accordingly, Defendant has failed to justify its request for litigation funding documents.

Moreover, Plaintiff offered to provide a declaration to Defendant attesting that there is no special incentive agreement of the kind discussed in *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, and suggested that Defendant propound an interrogatory explicitly asking her about such payments, but Defendant flatly refused both offers, belying its claim that it seeks the retainer agreements *et al.* for the purpose of determining whether a conflict of interest exists. Finally, Defendant

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

will be taking Plaintiff's deposition, where Defendant will have the opportunity to question Plaintiff on her adequacy to represent the class.[1]

**Request for Production No. 24:**

**Request No: 24**:

All DOCUMENTS that CONCERN any agreement between YOU and YOUR attorneys of record, including any attorney associated or of counsel therewith or any member, partner, or shareholder therein regarding the payment of any fees or costs associated with this lawsuit, including the payment to GUESS of any costs or fees that may be awarded to GUESS.

**Response to Request No. 24:**

Plaintiff objects to this request as being vague, ambiguous and overly broad. Plaintiff also object to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(2). Plaintiff objects to this request to on the grounds that it seeks production of documents protected by the attorney-client privilege. See FED. R. EVID. 501; CAL. BUS. & PROF. CODE § 6149; CAL. EVID. CODE § 952; Hemphill v. San Diego Ass'n of Realtors, Inc., 225 F.R.D. 616, 624 (S.D. Cal. 2005) (stating that not only are written fee agreements confidential and privileged, but are also not relevant); Dietz v. Meisenheimer & Herron, 177 Cal. App. 4th 771, 786, 99 Cal. Rptr. 3d 464, 475 (2009) (holding that "[a]mong those communications subject to the duty of confidentiality and the attorney-client privilege, is a written fee contract between an attorney and a client.").

**Defendant's Reason to Compel Production**: This request is directly relevant to the issue of whether Plaintiff and Plaintiff's counsel can adequately represent the putative class or whether there is a potential conflict of interest with the putative class. Ninth Circuit law recognizes that fee agreements are not privileged and can be requested through discovery.

---

[1] To the extent the Court orders the production of the retainer agreements, Plaintiff should only be required to produce those portions of the retainer agreement related to who is funding the cost of the litigation, as well as incentive awards. Plaintiff should be able to redact the remainder portion of the retainer agreement based on relevancy and/or attorney-client privilege.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

**Plaintiff's Basis for Objections:**

As explained in greater detail in Plaintiff's portion of the Joint Memorandum, several leading cases and treatises hold that fee agreements are not relevant to certification issues, especially where the defendant, as here, has presented no factual basis for speculating about conflicts of interest between counsel and Plaintiff. Accordingly, Defendant has failed to justify its request for litigation funding documents.

**Interrogatory No. 4:**

**Interrogatory No: 4**:

IDENTIFY all YOUR CLOSELY ASSOCIATED PERSONS from the period of January 3, 2010 to the present.

**Response to Interrogatory No. 4:**

Plaintiff objects to this Interrogatory as it is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff objects to this Interrogatory as it is unduly burdensome and seeks information irrelevant to the claims or defenses of any party to this litigation. Specifically, Plaintiff objects to the unduly burdensome nature of the Interrogatory insofar as it requires the description of information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence as Plaintiff is the user of the telephone number that received the text messages.

**Defendant's Reason to Compel Response**: This interrogatory is directly relevant to the question of whether Plaintiff is atypical of the putative class and to the merits of her individual TCPA claims. Plaintiff's sister is already implicated in Plaintiff's interactions with Guess and it is possible that other relatives may have played a role as well.

**Plaintiff's Basis for Objections:**

Encompassed within the term "CLOSELY ASSOCIATED PERSONS" are, among others, Plaintiff's "immediate family (parents, sisters,[2] brothers, children) or

---

[2] Plaintiff has already advised Defendant that her sister resides in Iran. Moreover, the interrogatory at issue is overbroad and not limited to the allegations of

Cooley LLP
Attorneys At Law
San Diego

6.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

any PERSON [meaning 'any natural person or entity, including without limitation, any firm, corporation, proprietorship, partnership, joint venture, consortium, club, association, foundation, business, government agency or instrumentality, society, order, or trust,'] that has lived with [Plaintiff] at the same address or location."

This request is, on its face, not limited to the claims and defenses of this litigation. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .") Indeed, Defendant's portion of the Joint Memorandum effectively concedes that the request is overbroad. Accordingly, the interrogatory is irrelevant and overbroad.

## II. GUESS'S MEET AND CONFER STATEMENT

Guess served its First Set of Requests for Production on August 27, 2015 and its First Set of Interrogatories on September 23, 2015. On October 13, 2015, Plaintiff responded to the First Set of Requests for Production and, on October 23, 2015, Plaintiff responded to the First Set of Interrogatories. The parties generally discussed Plaintiff's responses during a telephone call on January 11, 2016. On January 20, 2016, with no further indication that a production would be forthcoming, Guess sent a meet and confer letter to Plaintiff's counsel via email detailing the deficiencies in Plaintiff's discovery responses and requesting to meet and confer in person on the issues raised in the letter. Guess proposed to meet and confer with Plaintiff's Southern District of California counsel in person with Plaintiff's non-Southern District counsel participating by phone if necessary. On January 22, 2016, Guess sent its half of the joint submission to Plaintiff's counsel to allow Plaintiff sufficient amount of time to review and insert her sections. On January 26, 2016, the parties met and conferred telephonically, as opposed to in-

---

Plaintiff's complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

person as more fully set forth in the Declaration of Leo P. Norton as to Meet and Confer Efforts Re Joint Motion and Statement of Discovery Dispute No. 2.  The parties resolved several discovery disputes.  No resolution was reached as to the discovery requests set forth above.

### III. PLAINTIFF'S MEET-AND-CONFER STATEMENT

Plaintiff takes issue with Defendant's assertion that "[t]he parties generally discussed Plaintiff's responses during a telephone call on January 12, 2016." To the contrary, the parties only agreed on January 11 to further discuss Plaintiff's supplemental responses, but defendant did not identify which requests were at issue.  Indeed, Defendant did not identify the specific requests and interrogatories at issue until it sent its meet-and-confer letter on January 20, 2016, at approximately 6:00 p.m., wherein Defendant demanded that the parties meet and confer in person at its San Diego office on January 21 or January 22—this despite the fact that Plaintiff originally served her discovery responses on October 23, 2015—and subsequently served Plaintiff with a motion to compel on January 22. (Declaration of Payam Shahian ("Shahian Decl.") (filed herewith) ¶ 4.).)

Plaintiff had advised Defendant that she was unable to respond within the 24- to 48-hour window demanded in Defendant's January 20 letter, but that she would review the letter and propose a compromise, including the possibility that Defendant's counsel might come to Plaintiff's counsel's office in Los Angeles. (*Id.* ¶¶ 6-8.)

In Defendant's next meet-and-confer letter on January 22, Defendant demanded an in-person meeting on either January 25 or 26. (*Id.* ¶ 8.) Plaintiff's counsel Payam Shahian advised Defendant that neither he nor co-counsel Hal Rosner was available on such short notice. (*Id.* ¶ 9.) Instead, Plaintiff proposed an in-person meeting the first week of February, as that was when Plaintiff's counsel was next available. (*Id.* ¶ 10.) To accomplish this, Plaintiff offered a discovery

extension, pending court approval, or to meet and confer by telephone on January 26. Defendant did not agree to the extension, but instead agreed to meet and confer by telephone with Plaintiff's counsel on January 26,[3] where the parties resolved some of their discovery disputes. (*Id.*)

During Plaintiff's meet-and-confer efforts in connection with Defendant's inadequate discovery responses, Defendant neither raised the in-person meet-and-confer issue nor asked that the parties meet and confer in person. (*Id.* ¶ 11.) Only after the parties concluded their telephonic meet-and-confer efforts and Plaintiff served Defendant with her portion of the joint discovery motion was the issue raised by Defendant for the first time. (*Id.*).[4]

---

[3] The parties also had a brief meet and confer follow-up call on January 28 some of the same issues.

[4] Plaintiff believed that an in-person meet-and-confer session was not required, because the firms handling the discovery dispute were not located in the same county. To avoid this issue in the future, however, Plaintiff intends to meet tand confer with Defendant in person, even where the firms managing the discovery dispute are not located within the same county. (Shahian Decl. ¶ 11.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

| | | |
|---|---|---|
| 1 | Dated: January 29, 2016 | COOLEY LLP<br>MICHELLE C. DOOLIN (179445)<br>LEO P. NORTON (216282)<br>DARCIE A. TILLY (239715)<br>NEAL R. GIBEAULT (299730) |
| | | /s/ Leo P. Norton<br>Leo P. Norton (216282)<br>Attorneys for Defendant<br>Guess?, Inc. |
| | Dated: January 29, 2016 | STRATEGIC LEGAL PRACTICES, APC<br>PAYAM SHAHIAN (228406) |
| | | /s/ Payam Shahian<br>Payam Shahian (228406)<br>Attorneys for Plaintiff<br>Farideh Haghayeghi |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS

# SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiff, and that I have obtained authorization to affix his/her signature to this document.

/s/ Leo P. Norton
Leo P. Norton (216282)

Attorneys for Defendant
GUESS?, INC.

E-Mail: lnorton@cooley.com

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

JOINT MOTION AND STATEMENT FOR
DETERMINATION OF DISCOVERY DISPUTE NO. 2
14-CV-00020-JAH-NLS