Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
Christine Lee (State Bar No. 297332)
clee@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, California 90067
Telephone:   (310) 277-1040
Facsimile:   (310) 943-3838

Matthew R. Mendelsohn (Admitted *Pro Hac Vice*)
mmendelsohn@mskf.net
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:   (973) 228-9898
Facsimile:   (973) 228-0303

Attorneys for Plaintiff Farideh Haghayeghi

*[Additional Plaintiff's Counsel on Signature Block]*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUESS ?, INC.;<br><br>Defendant. | Case No.: 14-cv-00020-JAH-NLS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:        November 7, 2016<br>Time:        2:30 p.m.<br>Location:    Courtroom 13B<br><br>Complaint Filed:   January 3, 2014 |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS ................................................................. 2

    A.   Factual Background ................................................................. 2

    B.   Procedural History .................................................................. 3

III.  THE SETTLEMENT ......................................................................... 4

    A.   The Settlement Class .............................................................. 4

    B.   Settlement Payout ................................................................... 5

    C.   Non-Monetary Benefits to Class Members ............................ 6

    D.   Class Notice ........................................................................... 6

         1.   Email Notice ................................................................ 6

         2.   U.S. Mail Notice .......................................................... 7

         3.   Publication Notice ........................................................ 7

         4.   Settlement Website and Toll-Free Number .................. 8

    E.   The Claims Process ............................................................... 8

    F.   Objections .............................................................................. 9

    G.   Exclusion from the Class ..................................................... 10

    H.   Scope of Release .................................................................. 11

    I.   Termination of Settlement ................................................... 11

    J.   Payment of Costs and Class Notice by Defendant .............. 11

    K.   Named Plaintiff's Application for Incentive Award ............ 11

    L.   Class Counsels' Application for Attorneys' Fees and Expenses .................... 11

IV.  THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE PRELIMINARILY APPROVED ................. 12

    A.   The Applicable Legal Standard for Preliminary Approval of Class Action Settlement ......................................................... 12

i

B.   Certification and Liability are Highly Contested and Both Sides Face Significant Challenges in Litigating the Action.................................. 14

C.   The Settlement is Well Within the Range of Reasonableness........................ 15

D.   The Settlement was Reached as the Result of Arm's-Length Negotiation, Without Collusion, With the Assistance of a Mediator .................................. 17

E.   Experienced Counsel Have Determined That the Settlement is Appropriate and Fair to the Class ............................................................................ 18

F.   The Court Should Preliminarily Certify the Class for Purposes of the Settlement ........................................................................................ 18

   1.   The Proposed Class is Sufficiently Numerous....................................... 18

   2.   The Commonality Requirement is Satisfied .......................................... 19

   3.   The Typicality Requirement is Satisfied............................................... 19

   4.   The Adequacy Requirement is Satisfied................................................ 20

   5.   Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes ........................................................................ 21

   6.   Class Treatment for Settlement Purposes is Superior to Individual Resolutions..................................................................................... 22

G.   The Proposed Method of Class Notice is Appropriate.................................... 22

H.   A Final Approval Hearing Should be Scheduled ............................................ 24

V.   CONCLUSION .................................................................................................. 25

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

1

## TABLE OF AUTHORITIES

2

CASES

3   *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012) .............................. 21

4   *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591 (1997) ................................................ 22

5   *Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979)............................................. 13

6   *Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741 (M.D. Fla. Jan. 27, 1998) ........ 22

7   *Gribble v. Cool Transports Inc.*, No. CV 06-04863, 2008 WL 5281665 (C.D. Cal. 2008)

8   ................................................................................................................................. 15

9   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ......................................passim

10  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964).................... 18

11  *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436 (E.D. Pa. 2000).............. 16

12  *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454 (9th Cir. 2000)................................... 16

13  *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010)..... 24

14  *In re Omnivision Tech., Inc.*, 559 F. Supp.2 d 1036 (N.D. Cal. Jan. 9, 2008) ................ 16

15  *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200 (S.D.N.Y. 1995) .... 12

16  *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607 (S.D. Cal. 2008)........... 18, 19

17  *Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal.1988) ................................................ 13

18  *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-CV-0964-GPC-DHB, 2013 WL

19  3746118 (S.D. Cal. July 15, 2013) ................................................................... 19

20  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978)........................... 20

21  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) ................................... 13

22  *Lo v. Oxnard European Motors, LLC,* 2012 WL 1932283 (S.D. Cal. May 29, 2012)......6

23  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244

24  F.3d 1152 (9th Cir. 2001) ............................................................................... 21

25  *Mainstream Mktg. Servs. v. FTC*, 284 F. Supp. 2d 1266 (D. Colo. 2003)....................... 22

26  *Malta v. Fed. Home Loan Mortgage Corp.*, No. 10-CV-1290 BEN NLS, 2013 WL

27  444619 (S.D. Cal. Feb. 5, 2013)...............................................................2, 6, 15, 22

28

iii

*Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977) ...................................... 24

*Moreno v. Autozone, Inc.*, 251 F.R.D. 417 (N.D. Cal. 2008) ............................................ 18

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ............................. 22

*National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) .......... 16

*Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982) ............. 12, 13

*Philadelphia Hous. Auth. v. Am.* ....................................................................................... 13

*Rose v. Bank of America Corp.*, No. 11-2390, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) .............................................................................................................................. 2, 15

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994) ................................................................ 22

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ......................................................... 19

*Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688 (M.D. Fla. 2005) ..................... 22

*Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370 (9th Cir. 1993) ................................. 24

*Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437 (9th Cir. 1989) ........ 12

*Valentino v. Carter-Wallace*, 97 F.3d 1227 (9th Cir. 1996) ............................................ 22

*Wehner v. Syntex Corp.*, 117 F.R.D. 641 (N.D. Cal. 1987) ............................................. 19

*West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079 (2d Cir. 1971) ....................................... 13

*Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188 (9th Cir. 2001), amended, 273 F.3d 1266 (9th Cir. 2001) .............................................................................................. 21


**STATUTES**

Fed. R. Civ. P. 23(a)(4) ...................................................................................................... 20

Fed. R. Civ. P. 23(c)(2) ...................................................................................................... 24

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................ 23

Fed. R. Civ. P. 23(e) .......................................................................................................... 12


**OTHER AUTHORITIES**

1991 U.S.C.C.A.N. 1968, 1973 .......................................................................................... 16

4 Herbert B. Newberg, Newberg on Class Actions (4th ed. 2002 and Supp. 2004) ....... 12

Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004)................. 12, 13, 24

S. REP. NO. 102-178 (1991) .............................................................................. 15

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

## I.   INTRODUCTION

Plaintiff Farideh Haghayeghi submits this motion for preliminary approval of a proposed settlement (the "Settlement") of the above-entitled Action.  The terms of the Settlement are set forth in the Settlement Agreement and Release (the "Agreement" or "Agr.")[1], attached hereto as Exhibit 1.

The proposed Settlement is the culmination of nearly three years of intensely-fought litigation, encompassing a motion to dismiss, a (pending) motion to stay,[2] formal and informal discovery, three discovery motions (one by Plaintiff and two by Guess), as well as good faith, arm's-length settlement negotiations, including an Early Neutral Evaluation Conference before Magistrate Judge Nita L. Stormes and a full day of mediation before Judge Edward A. Infante (ret.), followed by months of continued negotiations with assistance from Judge Infante.

The resulting Settlement—which narrowed the class definition and allegations to include only those individuals to whom Guess sent a text message on or after October 16, 2013 (whereas Plaintiff's original proposed class definition included both pre- and post-October 16, 2013 text messages)—provides substantial benefits to the approximately 200,000-250,000 Settlement Class Members.  Under the Settlement, each and every Authorized Claimant is entitled to his or her choice of either a settlement payment of $15 cash or a Settlement Voucher to receive $30 off any Guess merchandise purchase (no minimum purchase required).

This Settlement compares favorably with other recent TCPA settlements, especially those in the retail context.  *See, e.g.*, *Kazemi v. Payless Shoesource, Inc.*, No. 09-5142 (N.D. Cal. 2012) ($25 merchandise certificate per claimant).  *And see Couser v. Comenity Bank*, No. 12-2484, ECF/CM Doc. No. 91 (S.D. Cal. May 27, 2015) (approximately $13.75 per claimant); *In re Capital One TCPA Litigation*,

---

[1] Unless otherwise specified, defined terms used in this memorandum are intended to have the same meanings as in the Agreement.
[2] Just prior to the filing of the instant Motion, the Court withdrew this Motion to Stay because the parties settled.  *See* ECF/CM Doc. No. 87.

No. 12-10064, ECF/CM Doc. No. 329 (N.D. Ill. February 12, 2015) (at least $34.60 per claimant); *Rose v. Bank of America Corp.*, No. 11-2390, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (average of $20 to $40 per claimant); *id.* (referencing *Arthur v. Sallie Mae* TCPA settlement, in which each claimant received approximately $20 to $40); *Malta v. Fed. Home Loan Mortgage Corp.*, No. 10-CV-1290 BEN NLS, 2013 WL 444619, at *7 (S.D. Cal. Feb. 5, 2013) (approximately $2 per claimant if all eligible claimants filed claims).

Upon a Final Approval Order by the Court, Plaintiff, on behalf of the proposed Settlement Class Members, will release and dismiss all claims asserted against Guess in this action on the merits and with prejudice.

Although Plaintiff is confident that she would prevail at class certification and on the merits, Class Counsel has determined that the proposed Settlement provides significant benefits to the Class Members and is in the best interests of the Class. Plaintiff also believes that the Settlement is appropriate given the sharply contested issues involved, and the risks, uncertainty, and costs of further litigation. Similarly, Defendant has denied all material allegations in the Complaint, and contends that it possesses meritorious defenses to Plaintiff's claims, but has agreed to settle this action on the terms set forth in the Agreement.

Accordingly, Plaintiff moves the Court for an order preliminarily approving the proposed Settlement, provisionally certifying the Class pursuant to Fed. R. Civ. P. ("Rule") 23(b)(3) for settlement purposes, directing dissemination of class notice, and scheduling a final approval hearing.

## II. STATEMENT OF FACTS

### A. Factual Background

Plaintiff alleges that Guess sent text messages to cellular phone numbers using an automatic telephone dialing system without the recipient's prior express consent. (FAC ¶¶ 18, 34, 39.) On January 3, 2014, Plaintiff filed a Complaint in the U.S. District Court for the Southern District of California that asserts claims for

1  alleged violations of Telephone Consumer Protection Act, 47 U.S.C. § 227

2  ("TCPA"), and seeks statutory damages (the "Action").  *See* ECF/CM Doc. No. 1;

3  Agr. § A.  On June 19, 2014, Plaintiff filed a First Amended Complaint.  *See*

4  ECF/CM Doc. No. 22; Agr. at § B.

5  **B.   Procedural History**

6  On July 16, 2014 Guess filed a Motion to Dismiss Plaintiff's First Amended

7  Complaint, Motion to Strike the Class Allegations or in the Alternative, Motion for a

8  More Definite Statement, and on March 24, 2015, the Court issued an order denying

9  Guess's motion.  *See* ECF/CM Doc. Nos. 23 and 29; Agr. at § B.

10  On April 7, 2015, Guess answered the Complaint.  *See* ECF/CM Doc. No. 30;

11  Agr. at § C.  In its Answer, Guess denied the Complaint's allegations, denied that

12  Plaintiff or the putative class have been damaged in any sum whatsoever, denied that

13  Plaintiff or the putative class are entitled to the relief requested or any other relief, and

14  asserted several affirmative defenses.  *See id.*

15  On May 18, 2015, the Parties prepared statements for, and participated in, an

16  Early Neutral Evaluation Conference before Magistrate Judge Nita L. Stormes.  *See*

17  ECF/CM Doc. No. 33.  The case did not settle.  *See id.*

18  On September 28, 2015, Guess filed a Motion to Temporarily Stay Action

19  pending the outcome of a consolidated petition challenging the validity of the FCC's

20  July 2015 Omnibus TCPA Declaratory Ruling.  *See* ECF/CM Doc. No. 46.  The Court

21  had not yet ruled on the motion at the time the parties settled.[3]

22  On January 6, 2016, the Parties participated in a full day mediation session in Los

23  Angeles, California before Hon. Edward A. Infante (ret.) of JAMS, Inc.  *See* Agr. at § D.

24  Although the mediation provided a constructive forum for discussing settlement of the

25  Class claims, it did not result in a settlement.  *See id.* at § E.

26

27

28  [3] Just prior to the filing of the instant Motion, the Court withdrew this Motion to Stay because the parties settled.  *See* ECF/CM Doc. No. 87.

3

After the mediation, the Parties, with the assistance of Judge Infante, engaged in additional efforts to settle the Class claims, which included a mediator's proposal on February 18, 2016. *See* Agr. at § F. (Shahian Decl. ¶ 8.) The Parties accepted the mediator's proposal, thereby resolving the underlying Class claims. (Shahian Decl. ¶ 8.)

Only after resolving the Class claims did the Parties begin negotiation of attorneys' fees and the Named Plaintiff's Incentive Award. (Shahian Decl. ¶ 9.) These issues were eventually resolved by way of another mediator's proposal. (*Id.*)

In sum, as a result of the progress made at the mediation, and the subsequent discussions, the Parties were able to reach a settlement of the Action, the terms of which are set forth in the Agreement. *See id.* at § G.

Plaintiff and Guess have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action. *See* Agr. at § H. The Parties have conducted formal and informal discovery, including but not limited to propounding and responding to Requests for Production and Interrogatories. *See id.* The Parties have also engaged in extensive discovery motion practice, including filing three discovery motions (one by Plaintiff and two by Guess). *See* ECF/CM Doc. Nos., 71, 73, 74 [Court's orders on the discovery motions].

## III.   THE SETTLEMENT

### A.   The Settlement Class

The terms "Class" or "Class Members" means "all persons in the United States who received a text message from or sent on behalf of Guess between October 16, 2013 and the date of entry of the Preliminary Approval Order, inclusive. Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action. *See* Agr. at § 1.7. The Class consists of approximately 200,000 to 250,000 persons.[4]

---

[4] Guess has represented that it stopped sending text messages on December 2013.

Before providing notice to the Class Members, the Claims Administrator[5] will engage in a reverse telephone directory lookup process to identify addresses for Class Members for which Guess only has a telephone number and other processes to identify the best address for each Class Member.  Agr. at § 3.3.   Upon receiving notification, each Class Member who does not timely and validly request exclusion from the Settlement shall be entitled to make one claim per cellular telephone number.  *Id.* at § 2.1.

## B.    Settlement Payout

Each Authorized Claimant is entitled to his or her choice of either (a) a Settlement Payment of $15 cash or (b) a Settlement Voucher to receive $30 off any merchandise purchase (no minimum purchase required).  Agr. at § 2.1.  To be entitled to receive either a Settlement Payment or Settlement Voucher, a Class Member must timely submit a valid and complete Claim Form and elect a form of relief.  *Id.*

Settlement Payments will be made by check to the Authorized Claimants. Authorized Claimants who receive a check will have 90 calendar days from when the checks are first mailed within which to negotiate the check.  Agr. at § 2.1(a).  Any funds from checks not negotiated within that 90 calendar day period shall be returned to Guess. *Id.*

The Settlement Vouchers will be subject to the following conditions: (a) Vouchers will be valid for six months after issuance; (b) Vouchers are for a single-use only (may be used only one time); (c) Vouchers can be redeemed at any Guess-owned retail stores in the United States; (d) Vouchers are transferable; (e) Vouchers are not redeemable for gift cards or cash, including no cash back; (f) Vouchers will not be valid for prior purchases, cannot be applied to any credit card balances, and cannot be used online; (g) Vouchers will not be replaced if lost,

---

[5] Claims Administrator shall refer to the Angeion Group.  *See* Agr. § 1.6.

stolen, expired, or damaged; and (h) Vouchers may be used on sale item(s), however, they may not be combined with any other promotional coupon or voucher.  Agr. at § 2.1(b).

Plaintiff will apply for an incentive award of not more than $5,000 and attorneys' fees and costs of not more than $495,000.  Agr. at §§ 2.2 & 2.3.[6]  Guess will pay any incentive award and attorneys' fees and costs separate and apart from the award to the Class.  *Id.*  If the Court approves the incentive award and attorneys' fees and costs, Guess will pay the amounts approved by the Court within ten court days after both the Final Settlement Date[7] and upon provision of Plaintiff's and Strategic Legal Practices, APC's completed W-9 forms.  *Id.*

## C.   Non-Monetary Benefits to Class Members

Class Members (and non-Class Members alike) also benefit from the Settlement because the Settlement will serve as a deterrent to future violations of the TCPA.  *See Lo v. Oxnard European Motors, LLC,* 2012 WL 1932283, *2 (S.D. Cal. May 29, 2012); *Malta, supra,* 2013 WL 444619.

## D.   Class Notice

Guess and the Claims Administrator will provide the Class with notice of the proposed settlement by the following methods.

### 1.   Email Notice

---

[6] Plaintiff will file a motion for attorneys' fees and costs 14 calendar days prior to the deadline for Class Members to object to the Settlement.  Agr. at § 2.3.

[7] The "Final Settlement Date" means two Court days after the Final Order and Judgment become "final," or after (a) 31 calendar days after the entry of the Final Order and Judgment, if no timely motions for reconsideration, appeal, or other effort to obtain review have been filed; or (b) in the event that a motion for reconsideration, appeal, or other effort to obtain review has been initiated, the date after any and all such motions, appeals or other efforts to obtain review have been finally concluded in favor of the Final Order and Judgment, any mandates have issued and jurisdiction has been returned to the Court, and the Final Order and Judgment is no longer subject to review, whether by motions, appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

Within 30 calendar days after entry of the Preliminary Approval Order, Guess, through the Claims Administrator, will send an Email Notice to each Class Member for whom Guess has a valid email address. Agr. at § 3.3(c). The proposed Email Notice is attached hereto as Exhibit 2, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator. *See id.*

### 2.    U.S. Mail Notice

Within 30 calendar days after entry of the Preliminary Approval Order, Guess, through the Claims Administrator, will send a postcard containing a U.S. Mail Notice to each Class Member for whom Guess has a facially valid U.S. Postal address and who was not sent notice by email. Agr. at § 3.3(c). The proposed postcard containing the U.S. Mail Notice is attached hereto as Exhibit 3, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator. *See id.*

Before providing Email Notice and U.S. Mail Notice, the Claims Administrator will (i) conduct a reverse telephone number search through a primary and secondary source for those numbers that Guess provides from its records for which there is no U.S. Postal address and no email address and (ii) conduct a reverse email search for Guess records having a U.S. Postal address but no email address and U.S. Postal addresses identified through the reverse telephone number search in (i). Agr. at § 3.3. The Claims Administrator will also check all U.S. Postal addresses provided by Guess or obtained from reverse searches against the National Change of Address Database before providing U.S. Mail Notice. *Id.*

### 3.    Publication Notice

Within 30 calendar days after entry of the Preliminary Approval Order, Guess, through the Claims Administrator, will implement an online media notice via an Internet text announcement containing a URL or link to the Settlement Website as part of a digital banner advertisement. Agr. at § 3.3(d). The proposed online media notice is attached hereto as Exhibit 4. *See id.*

### 4.   Settlement Website and Toll-Free Number

Within 30 calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up a Settlement Website and a toll-free number.  Agr. at § 3.3(a).  The Settlement Website will post the Complaint, Settlement Agreement, Preliminary Approval Order, Full Notice, Claim Form, and within three Court days after it is filed, Class Counsel's fee application.  *Id.*  (A copy of the Full Notice is attached hereto as Exhibit 5.)  The Settlement Website will be active until at least the Final Settlement Date.  The Settlement Website will be designed and constructed to accept electronic Claim Form submission.  *Id.*

The toll-free telephone number will receive calls relating to the Settlement and provide automated information about the Settlement.  Agr. at § 3.3(a).  The toll-free telephone number will be active until at least the Fairness Hearing.  *Id.*  After the Response Deadline[8], a recording will advise any callers that the Response Deadline has passed and that information regarding the Settlement may be viewed on the Settlement Website.  *Id.*

### E.   The Claims Process

To be eligible to receive a Settlement Payment or Voucher, Class Members must accurately complete and submit a Claim Form and deliver that form to the Claims Administrator no later than the Response Deadline.  Agr. at § 3.6.  A copy of the Claim Form is attached hereto as Exhibit 6.  The Claim Form may be submitted electronically or by postal mail.  *Id.*  The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.  *Id.*  Any Class Member who fails to submit a valid and timely

---

[8] The Response Deadline means the deadline by which Class Members must deliver Claim Forms or requests for exclusion or make objections under this Settlement Agreement.  The Response Deadline will be 90 calendar days after entry of the Preliminary Approval Order.

Claim Form will not receive any benefits under this Settlement Agreement.  Each Class Member may submit only one Claim Form.  *Id.*

The Claims Administrator may review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. Agr. at § 3.7.  In addition, the Claims Administrator may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member. *Id.*

If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.  Agr. at § 3.8.  Guess's records will be entitled to a rebuttable presumption of accuracy.  *Id.*

If the Court approves the Settlement of this Action, Guess, either itself or through the Claims Administrator, must mail the Settlement Payments or Settlement Vouchers to the Authorized Claimants 45 calendar days following the Final Settlement Date.  Agr. at § 3.11.

## F.   Objections

Any Class Member who has not submitted a timely written exclusion request and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to Class Counsel and Guess's Counsel, and must file such objection with the Court, no later than the Response Deadline.  Agr. at § 3.9.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It will be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Guess's Counsel.  *Id.*  Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to

9

1   bring to the Court's attention and any evidence the objector wishes to introduce in

2   support of the objection(s).  *Id.*

3         Any Class Member who files and serves a written objection, as described in this

4   paragraph, has the option to appear at the Fairness Hearing, either in person or through

5   personal counsel hired at the Class Member's expense, to object to the fairness,

6   reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or

7   to the award of attorneys' fees.  Agr. at § 3.9.  However, Class Members (with or

8   without their attorneys) intending to make an appearance at the Fairness Hearing must

9   include on a timely and valid objection a statement substantially similar to "Notice of

10   Intention to Appear."  *Id.*  If the objecting Class Member intends to appear at the

11   Fairness Hearing through counsel, he or she must also identify the attorney(s)

12   representing the objector who will appear at the Fairness Hearing and include the

13   attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which

14   counsel is admitted.  *Id.*

15         If the objecting Class Member intends to request the Court to allow the Class

16   Member to call witnesses at the Fairness Hearing, such request must be made in the

17   Class Member's written brief, which must also contain a list of any such witnesses and a

18   summary of each witness's expected testimony.  Agr. at § 3.9.  Only Class Members

19   who file and serve timely objections including Notices of Intention to Appear may speak

20   at the Fairness Hearing.  *Id.*  If a Class Member makes an objection through an attorney,

21   the Class Member will be responsible for his or her personal attorney's fees and costs.

22   *Id.*

23       **G.**   **Exclusion from the Class**

24         Class Members may elect not to be part of the Class and not to be bound by the

25   Agreement or the Settlement.  To make this election, Class Members must send a letter

26   or postcard to the Claims Administrator stating: (a) the name and case number of the

27   Action; (b) the full name, address, and telephone number of the person requesting

28

1  exclusion; and (c) a statement that he/she does not wish to participate in the Settlement,

2  postmarked no later than the Response Deadline.  Agr. at § 3.10.

3  **H.    Scope of Release**

4  The scope of the release by all Class Members (other than those who elect not to

5  participate in the Settlement), tracks the scope of the Plaintiff's allegations in the

6  Complaint.  Agr. at § 4.4.  Plaintiff and each Class Member who has not timely

7  requested exclusion from the Class relinquish and discharge each and all of the Released

8  Parties from each of the Released Claims.  *See id.*

9  **I.    Termination of Settlement**

10  Despite this Settlement Agreement, if more than 250 Class Members request

11  exclusion, then Guess may, in its sole discretion, at any time before the Fairness Hearing,

12  notify Class Counsel in writing that it has elected to terminate this Settlement

13  Agreement.  Agr. at § 3.10(b).

14  **J.    Payment of Costs and Class Notice by Defendant**

15  Guess will bear all costs of providing notice to the Class and settlement

16  administration (e.g., claim processing and Settlement Payment or Settlement Voucher

17  distribution), except that any costs specific to any reverse telephone or email research to

18  obtain further contact information for Class Members will be split evenly between Guess

19  and Class Counsel.  Agr. at § 2.4.

20  **K.    Named Plaintiff's Application for Incentive Award**

21  The proposed Settlement contemplates that Plaintiff will request, and Guess will

22  not oppose, an incentive award for the time and effort he has personally invested in this

23  Action, not to exceed $5,000, as proposed by Class Counsel.  *Id.* at § 2.22.  Plaintiff's

24  incentive award is to be paid separate and apart from the award to the Class.  *Id.*

25  **L.    Class Counsels' Application for Attorneys' Fees and**

26  **Expenses**

27  The proposed Settlement contemplates that Class Counsel are permitted to apply

28  to the Court for an award of attorneys' fees and costs of not more than $495,000.  Agr. at

11

§ 2.3.  Class counsel will timely submit a fee application in sufficient time prior to final approval and post such filing on the Settlement website.  *Id.*; *and id.* at § 3.3(a). *See In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994 (9th Cir. 2010).  Any attorneys' fees and costs will be paid separate and apart from the award to the Class.  *Id.* at § 2.3.

\\\

\\\

\\\

## IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE PRELIMINARILY APPROVED

### A.   The Applicable Legal Standard for Preliminary Approval of Class Action Settlement

A class action may not be compromised or settled without the approval of the court.  Fed. R. Civ. P. 23(e).  The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile.  *See* 4 Herbert B. Newberg, Newberg on Class Actions § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004).  Thus, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."  Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004) ("Manual") at § 21.632.

As a matter of public policy, settlement is a strongly favored method for resolving disputes.  *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989); *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  This is especially true in class actions such as this one.  As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims."  *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163

1   F.R.D. 200, 209 (S.D.N.Y. 1995).  To make the preliminary fairness determination,

2   courts may consider several relevant factors, including "the strength of the plaintiffs'

3   case; the risk, expense, complexity, and likely duration of further litigation; the risk of

4   maintaining class action status through trial; the amount offered in settlement; the extent

5   of discovery completed and the stage of the proceedings; [and] the experience and views

6   of counsel…" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

7       Furthermore, courts must give "proper deference to the private consensual

8   decision of the parties," since "the court's intrusion upon what is otherwise a private

9   consensual agreement negotiated between the parties to a lawsuit must be limited to the

10  extent necessary to reach a reasoned judgment that the agreement is not the product of

11  fraud or overreaching by, or collusion between, the negotiating parties, and that the

12  settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at

13  1027.

14      In considering a potential settlement, the Court need not reach any ultimate

15  conclusions on the issues of fact and law, which underlie the merits of the dispute,

16  (*West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971)), and need not

17  engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n*, 688 F.2d at

18  625.  Preliminary approval is merely the prerequisite to giving notice so that "the

19  proposed settlement…may be submitted to members of the prospective class for their

20  acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard

21  Sanitary Corp.*, 323 F. Supp. 364 (E.D. Pa. 1970).  Preliminary approval of the

22  settlement should be granted if there are no "reservations about the settlement, such as

23  unduly preferential treatment of class representatives or segments of the class,

24  inadequate compensation or harms to the classes, the need for subclasses, or excessive

25  compensation for attorneys."  Manual at § 21.632.

26      The opinion of experienced counsel supporting the Settlement is entitled to

27

28

considerable weight.[9]   The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]"  *See Hanlon,* 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted).  Based on these standards, Class Counsel respectfully submit that, for the reasons detailed below, the Court should preliminarily approve the proposed Settlement as fair, reasonable and adequate.  (*See* Shahian Decl. ¶ 12.)

## B.   Certification and Liability are Highly Contested and Both Sides Face Significant Challenges in Litigating the Action

Although both sides strongly believe in the merits of their respective positions, continuing this Action poses significant risks to both sides.  In addition to the general risks of litigating a complex class action, Guess raised a number of substantive defenses to certification and liability: for example, that it did not use an ATDS to send text messages; that it obtained prior written express consent before sending text messages; and that Plaintiff is neither an adequate nor a typical class representative.

Further, on September 28, 2015, Guess filed a Motion to Stay this action pending the resolution of a petition before the D.C. Court of Appeals challenging the FCC's July 2015 Omnibus Declaratory Ruling.  The Defendant contended that the D.C. Court could potentially issue a ruling interpreting the TCPA that would preclude recovery by the Plaintiff and the Class in this suit.  (D.I. 46-1 at p. 5.)  The Court had not yet ruled on the stayed motion at the time of settlement.  Were the Court to grant the motion, this litigation could be stayed for months, if not years, thereby delaying (or as Defendant

---

[9] *See, e.g.*, *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

1   contends, potentially denying) relief to the Class.  Despite the petition being filed on July

2   10, 2015, the D.C. Circuit Court will not hear oral arguments until October 19, 2016.

3          In considering the Settlement, Plaintiff and Class Counsel carefully balanced the

4   risks of continuing to engage in protracted and contentious litigation, against the benefits

5   to the Class including the significant Settlement Fund and the deterrent effects it would

6   have.  Similarly, Defendant recognizes the risks to it if a class is certified.

7          Therefore, because of the costs, risks to both sides, and delays of continued

8   litigation, the Settlement presents a fair and reasonable alternative to continuing to

9   pursue this Action.

10     **C.     The Settlement is Well Within the Range of**

11             **Reasonableness**

12         As noted above, each Class Member is entitled to his or her choice of either a

13   cash payment of $15 or a voucher for $30.  This settlement is well within the range of

14   reasonableness and therefore should be approved.

15         First, the Settlement was negotiated at arm's length over the course of several

16   months by counsel well versed in class litigation, particularly with respect to consumer

17   protection issues, and is therefore entitled preliminarily to "a presumption of fairness."

18   *Gribble v. Cool Transports Inc.*, No. CV 06-04863, 2008 WL 5281665, at *9 (C.D. Cal.

19   2008).

20         Second, the parties engaged in extensive bargaining over the merits and value of

21   Plaintiff's claims and Guess's defenses.  Class Counsel reviewed a significant quantity

22   of evidence produced by Guess during the course of discovery and settlement

23   discussions.

24         Third, the Settlement compares favorably with other recent TCPA settlements,

25   especially those in the retail context (as here).  *See, e.g.*, *Kazemi v. Payless Shoesource,*

26   *Inc.*, No. 09-5142 (N.D. Cal. 2012) ($25 merchandise certificate per claimant).  *And see*

27   *Couser v. Comenity Bank*, No. 12-2484, ECF/CM Doc. No. 91 (S.D. Cal. May 27,

28   2015) (approximately $13.75 per claimant); *In re Capital One TCPA Litigation*, No. 12-

10064, ECF/CM Doc. No. 329 (N.D. Ill. February 12, 2015) (at least $34.60 per claimant); *Rose*, 2014 WL 4273358, at *10 (average of $20 to $40 per claimant); *id.* (referencing *Arthur v. Sallie Mae* TCPA settlement, in which each claimant received approximately $20 to $40); *Malta*, 2013 WL 444619, at *7 (approximately $2 per claimant if all eligible claimants filed claims).

Fourth, the benefit that each Class Member will receive is fair, appropriate, and reasonable given the purposes of the TCPA and in light of the anticipated risk, expense, and uncertainty of continued litigation. The purpose of the TCPA is to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls. S. REP. NO. 102-178, at 6 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1973. Although the TCPA provides for statutory damages of $500 for each violation, Defendant contends that Due Process Clause precludes the award of anything more than a nominal amount. Further, it is well settled that a proposed settlement may be acceptable even though it amounts to only a small percentage of the potential recovery that might be available to the class members at trial.[10]

Fifth, the Class Members will also benefit from the deterrent effect of this TCPA Settlement. Thus, this Action will provide substantial benefits to the Class Members, both monetarily and through its deterrent effect on other businesses that engage in similar conduct.

---

[10] *See e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa. 2000) ("the fact that a proposed settlement constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh against the settlement; rather, the percentage should be considered in light of strength of the claims"); *In re Omnivision Tech., Inc.*, 559 F. Supp.2 d 1036, 1046 (N.D. Cal. Jan. 9, 2008) (court-approved settlement amount that was just over 9% of the maximum potential recovery, which the court found was a "substantial achievement on behalf of the class"); *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000).

Given the favorable terms of the Settlement and the manner in which these terms were negotiated, the proposed Settlement should be viewed, at least preliminarily, as a fair, reasonable, and adequate compromise of the issues in dispute.

### D.   The Settlement was Reached as the Result of Arm's-Length Negotiation, Without Collusion, With the Assistance of a Mediator

The proposed Settlement is the result of extensive arm's-length negotiations, including an Early Neutral Evaluation Conference before Magistrate Judge Nita L. Storms, as well as a full day of mediation before Judge Edward A. Infante (ret.). Although the mediation provided a constructive forum for discussing settlement of the Class claims, it did not result in a settlement.  Consequently, following the mediation, the Parties, with the assistance of Judge Infante, engaged in further efforts to settle the Class claims, which included a mediator's proposal on February 18, 2016.  The Parties accepted the mediator's proposal, thereby resolving the underlying Class claims.  Only after the Class claims were resolved did the Parties begin negotiation of attorneys' fees and the Named Plaintiff's Incentive Award.  These issues were eventually resolved by way of another mediator's proposal.  In sum, as a result of direct discussions over the course of several months about possible resolution of this litigation, including numerous telephonic conferences, the Parties were ultimately able to reach a settlement of the Action.

After reaching an agreement in principle to settle the case, the Parties engaged in further, extensive discussions that were necessary to determine the details surrounding the Settlement.  The time and effort spent on settlement negotiations, as well as the time spent with Judge Infante in the settlement process, militate in favor of preliminary approval of the proposed Settlement, as they strongly indicate the absence of any collusion.[11]

---

[11] *See also In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) (Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair."); *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (same)

### E.   Experienced Counsel Have Determined That the Settlement is Appropriate and Fair to the Class

Plaintiff hired counsel experienced in complex class action litigation.   Class Counsel has extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection claims.  (*See* Shahian Decl. ¶¶ 14-22; Mendelsohn Decl. ¶¶ 3-5; and Rosner Decl. ¶¶ 3-4.)  Counsel for Guess similarly possesses extensive experience based upon a long track record in litigating complex class actions.[12]  Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class Members.  (*See* Shahian Decl. ¶ 12; Rosner Decl. ¶ 6.)

### F.   The Court Should Preliminarily Certify the Class for Purposes of the Settlement

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement.  *See In re Wireless Facilities, Inc. Sec. Litig. II,* 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes").  Like any other class certification decision, certification of a class for settlement purposes requires a determination that the requirements of Rule 23 are met. *Id*.  Class certification is appropriate here because the requirements of Rule 23(a) and Rule 23(b)(3) are met.

### 1.   The Proposed Class is Sufficiently Numerous

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable.  "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class.'" *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). The Class consists of approximately 200,000 to 250,000 Class

---

(citing 5 Moore's Federal Practice, § 23.85[2][e] (Matthew Bender 3d. ed.)).
[12] *See, e.g.*, https://www.cooley.com/mdoolin; https://www.cooley.com/lnorton.

Members, which more than satisfies the numerosity prerequisite pursuant to Fed. R. Civ. P. 23(a)(1).   The Class Members are rascertainable by reference to Guess's records (and as verified through the reverse lookup process).[13]

## 2.   The Commonality Requirement is Satisfied

The commonality requirement is met if there are questions of law and fact common to the class.  *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").  Here, for purposes of the Settlement, the proposed Class Members' claims all stem from the same factual circumstances, namely that text messages were sent on behalf of Defendant to Class Members via an alleged ATDS, from October 16, 2013 to the date of Preliminary Approval.[14]  Class Members all seek the same remedy.  Under these circumstances, the commonality requirement is satisfied pursuant to Fed. R. Civ. P. 23(a)(2).  *See Hanlon*, 150 F. 3d at 1019-20.

## 3.   The Typicality Requirement is Satisfied

The typicality requirement is met if the claims of the named representatives are typical of those of the Class, though "they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020.  For purposes of this Settlement, Plaintiff's claims are typical of the claims of the whole Class because they arise from the same factual basis—text messages sent to Class Members via an alleged ATDS without written prior express consent— violating the TCPA.  *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).  Plaintiff alleges that Defendant sent an unsolicited text messages to Plaintiff's cellular

---

[13] *See Moreno v. Autozone, Inc.*, 251 F.R.D. 417, 421 (N.D. Cal. 2008) ("A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description.").

[14] *See also Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-CV-0964-GPC-DHB, 2013 WL 3746118, at *8 (S.D. Cal. July 15, 2013) ("The common question is thus, 'were we all [text messaged] on our cellular telephones, by an autodialer …, on behalf of [defendant], without having given express consent?'").

1  telephone via an ATDS without her prior express consent.  *See* FAC ¶¶ 14-21.

2  Accordingly, the Plaintiff's claims are typical of those of the Class Members.  *See, e.g.,*

3  *Malta*, 2013 WL 444619, at *3.  Thus, the typicality requirement is satisfied pursuant to

4  Fed. R. Civ. P. 23(a)(3).

5  ### 4.  The Adequacy Requirement is Satisfied

6  The adequacy of representation requirement is satisfied here.  The Court must

7  measure the adequacy of representation by two standards: "(1) Do the representative

8  plaintiffs and their counsel have any conflicts of interest with other class members; and

9  (2) will the representative plaintiffs and their counsel prosecute the action vigorously on

10  behalf of the class?"  *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v.*

11  *Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)); *see also Lerwill v. Inflight Motion*

12  *Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  Rule 23(a)(4) is satisfied if "the

13  representative parties will fairly and adequately protect the interests of the class."  Fed. R.

14  Civ. P. 23(a)(4).

15  Representative Plaintiff and Class Counsel have no conflicts of interest with other

16  Class Members because, for purposes of the Settlement, Plaintiff's claim is typical of

17  those of other Class Members and seeks the same relief as the other Class Members.  *See*

18  FAC ¶¶ 14-21.  Plaintiff and Class Members share the common goal of protecting and

19  improving consumer and privacy rights throughout the nation, and there is no conflict

20  among them.  Class Counsel have extensive experience in consumer protection and

21  complex litigation, including the prosecution of class actions seeking to protect privacy

22  and consumer rights.   Shahian Decl. ¶¶ 14-22; Mendelsohn Decl. ¶¶ 3-5; Rosner Decl.

23  ¶¶ 3-4.

24  Representative Plaintiff and Class Counsel have vigorously prosecuted this action

25  on behalf of the Class.  Ms. Haghayeghi understands the obligations of serving as Class

26  Representative, has adequately represented the interests of the putative class thus far, and

27  has retained experienced legal counsel.  Ms. Haghayeghi has met and participated

28  inmultiple telephone calls regarding fact-finding efforts by her attorneys.  Likewise,

Class Counsel, who are experienced in complex litigation, have vigorously prosecuted this action, and will continue to vigorously prosecute it.   As noted above, Class Counsel has opposed a motion to dismiss, propounded and responded to discovery, opposed a motion to stay, filed a motion to compel, drafted an ENE statement and attended the corresponding ENE, engaged in a mediation as well as informal negotiations with Guess, and will continue to prosecute this action through preliminary and then final approval.

Rule 23(a)(4) is therefore satisfied.  For settlement purposes only, the Parties jointly request that Farideh Haghayeghi be appointed as the settlement Class Representative, and that the law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP be appointed as Class Counsel.  *See* Agr. at §§ 3.2(g) and (h).

## 5.  Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members."  Rule 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation."  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to this question is "'the notion that the adjudication of common issues will help achieve judicial economy.'"  *Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), amended, 273 F.3d 1266 (9th Cir. 2001).

Here, the central inquiry is whether Guess violated the TCPA by sending text messages to Class Members using an ATDS without their written prior express consent.  *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 567 (W.D. Wash. 2012).  Consideration of judicial economy favors litigating a predominant common issue once in a class action, as opposed to thousands of separate lawsuits.  "When

common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

### 6.   Class Treatment for Settlement Purposes is Superior to Individual Resolutions

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims.  "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163; *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996).  When a court reviews a class action settlement, the fourth factor under Rule 23(b)(3) does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997).  "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious…" *Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741, *20 (M.D. Fla. Jan. 27, 1998).[15]

Here, the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification.  *See Malta*, 2013 WL 444619, at *4.   Any Class Member who wishes to pursue a separate action can opt-out of the Settlement.  *See* Agr. § 3.10.   The Parties are unaware of any competing litigation regarding the claims at issue.  (*See* Shahian Decl. ¶ 13.)  The Parties agree that it would be desirable to resolve Plaintiff's claims in this forum.  *See* Agr. at § I.  Also, consumers find individual TCPA actions are complex and time-consuming.  *See Mainstream Mktg. Servs. v. FTC*, 284 F. Supp. 2d 1266, 1273 (D. Colo. 2003).

### G.   The Proposed Method of Class Notice is Appropriate

---

[15] *See also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of settlement'") (citations omitted).

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025.[16]

Pursuant to Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that class members may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

Here, the Email Notice, U.S. Mail Notice, Publication Notice, Settlement Website, and Toll-Free Number meet all the requirements. Before providing Email Notice and U.S. Mail Notice, the Claims Administrator will (i) conduct a reverse telephone number search through a primary and secondary source for those numbers that Guess provides from its records for which there is no U.S. Postal address and no email address and (ii) conduct a reverse email search for Guess records having a U.S. Postal address but no email address and U.S. Postal addresses identified through the reverse telephone number search in (i). *See* Agr. at § 3.3. The Claims Administrator will also

---

[16] Defendant will pay for Class Notice out of the Settlement Fund. *See* Agr. § 8.03.

check all U.S. Postal addresses provided by Guess or obtained from reverse searches against the National Change of Address Database before providing U.S. Mail Notice. *Id.*

In addition, the Settlement Website will allow potential class members to access (and print) the Complaint, Settlement Agreement, Preliminary Approval Order, Full Notice, Claim Form, and, within three Court days after it is filed, Class Counsel's fee application. *See* Agr. at § 3.3(a). It will also allow them to determine whether they are Class Members, and will inform them of their right to object to the settlement or opt out. *Id.* The Claims Administrator will maintain a toll-free number until at least the Final Settlement Date, allowing callers to obtain information about the Settlement. *Id.*[17]

Any Class Member who wishes to exclude themselves from the Settlement by opting-out or who wishes to object to the fairness of the Settlement, must to do so within the respective Deadlines, which is 90 days after entry of the Preliminary Approval Order. *See* Agr. at §§ 1.2, 3.9, 3,10. *See Torrisi*, 8 F.3d at 1374-75; Fed. R. Civ. P. 23(c)(2); Manual, at § 30.21.

This Notice program is designed to meaningfully reach the largest possible number of Class Members, identified through the Guess's records.[18] Accordingly, the various forms of Notice here satisfy due process, serve as the best notice practicable under the circumstances, and constitute due and sufficient notice.

## H.     A Final Approval Hearing Should be Scheduled

---

[17] *See Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-1375 (9th Cir. 1993) (31 days is more than sufficient, as the Class as a whole had notice adequate to flush out whatever objections might reasonably be related to the settlement) (citing *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of a notice mailed 26 days before opt-out deadline); *In re Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988, 994 (9th Cir. 2010).

[18] No later than ten calendar days before the Fairness Hearing, Guess and the Claims Administrator will file with the Court and serve upon Class Counsel, who will then file, a declaration confirming that notice to the Class has been provided in accordance with the Agreement. Agr. at § 3.5.

24

The last step in the settlement approval process is the formal Fairness Hearing or Final Approval Hearing, at which time the Court may hear all evidence and arguments, for and against, to evaluate the proposed Settlement.  Class Counsel request that the hearing be held not before 160 days after the date of entry of the Preliminary Approval Order, to allow sufficient time for providing Class Notice and to accommodate the 90-day claims period.

## V.   CONCLUSION

The Parties respectfully request that the Court enter an order preliminarily approving the proposed Settlement; preliminarily approving the Notice; provisionally certifying the Class for settlement purposes; appointing Ms. Haghayeghi as Class Representative; appointing and Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP as Class Counsel; and scheduling a final approval hearing.

Dated:  September 15, 2016           Respectfully submitted,
                                     Strategic Legal Practices, APC


                                     By:   /s/
                                         Payam Shahian
                                         Attorneys for Plaintiff Farideh Haghayeghi