## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*" or "*Agreement*") is entered into by and between plaintiff Farideh Haghayeghi, individually, and in her representative capacity on behalf of all others similarly situated ("*Plaintiff*"), on the one hand, and defendant Guess?, Inc. ("*Guess*" or "*Defendant*"), on the other (collectively referred to as the "*Parties*").

### RECITALS

**A.**     On or about January 3, 2014, Plaintiff filed a Complaint in the U.S. District Court for the Southern District of California ("*Court*") that asserts claims for alleged violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 ("*TCPA*"), and seeks statutory damages (the "*Action*").

**B.**     On June 18, 2014, Plaintiff filed a First Amended Complaint (the "*Complaint*"). Thereafter, on July 19, 2014 Guess filed a Motion to Dismiss Plaintiff's First Amended Complaint, Motion to Strike the Class Allegations or in the Alternative, Motion for a More Definite Statement.  On March 24, 2015, the Court issued an order denying Guess's motion.

**C.**     On April 7, 2015, Guess answered the Complaint.  In its Answer, Guess denied the Complaint's allegations, denied that Plaintiff or the putative class have been damaged in any sum whatsoever, denied that Plaintiff or the putative class are entitled to the relief requested or any other relief, and asserted several affirmative defenses.

**D.**     The Parties participated in a full day mediation session in Los Angeles, California before Hon. Edward A. Infante (ret.) of JAMS, Inc. on January 6, 2016.

**E.**     While the mediation provided a constructive forum for settlement discussions, it did not result in a settlement.

**F.**     After the mediation, the Parties engaged in additional settlement efforts with the assistance of Judge Infante.

**G.**     As a result of the progress made at the mediation and the subsequent discussions, the Parties have reached a Settlement of the Action, the terms of which are set forth in this Settlement Agreement.

**H.**     Plaintiff and Guess have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action. The Parties have conducted formal and informal discovery, including but not limited to propounding and responding to Requests for Production and Interrogatories.  The Parties have also engaged in discovery motion practice.  (*See* Dkt. Nos., 71, 73 & 74 [the Court's orders on the discovery motions].)

**I.**     Plaintiff and her Counsel believe that the claims asserted in the Complaint have merit. Guess has denied and continues to deny any and all allegations of wrongdoing alleged in the Complaint or asserted in the Action and believes the claims asserted by Plaintiff are without

merit.  Nonetheless, the Parties have concluded that continued litigation could be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to limit further expense, inconvenience, and uncertainty.  The Parties also have considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have considered the costs, risks, and delays associated with the continued prosecution of this complex and time consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Guess.

      **J.**     It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Action.

**AGREEMENT**

      NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, Plaintiff, the Class, and Guess agree to settle the Action, subject to Court approval, under the following terms and conditions.

**1.**    **DEFINITIONS.**  In addition to the definitions included in the Recitals above, and in later sections of the Agreement, the following shall be defined terms for purposes of this Settlement Agreement.  Some of the definitions in this section use terms that are defined later in the section. All defined terms are capitalized and listed in alphabetical order:

      **1.1**    As used herein, the term "***Action***" means the lawsuit instituted by Plaintiff against Guess: *Farideh Haghayeghi, on behalf of herself and all others similarly situated, v. Guess?, Inc.*, United States District Court for the Southern District of California, Case No. 14-cv-00020.

      **1.2**    As used herein, the term "***Authorized Claimant***" means any Class Member who validly and timely submits a Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Class.

      **1.3**    As used herein, the term "***Claim***" means a request made by a Class Member in order to receive either (a) a Settlement Payment or (b) a Settlement Voucher pursuant to the procedures stated below in Section 3.6.

      **1.4**    As used herein, the term "***Claim Form***" means the form a Class Member must validly and timely submit to receive a Settlement Payment or Settlement Voucher under this Agreement.  The Claim Form must be substantially similar to the form attached as **Exhibit F.**

      **1.5**    As used herein, the term "***Claimant***" means any Class Member who submits a Claim under this Agreement.

      **1.6**    As used herein, the term "***Claims Administrator***" means Angeion Group, and any successors to Angeion Group that the Parties designate, which will administer the notice, claims, and a Settlement Payment or Settlement Voucher distribution process provided for in the Settlement Agreement.  The Claims Administrator will be responsible for all matters relating to the provision of notice to the Class and the administration of the Settlement consistent with the terms of this Agreement.  The Claims Administrator will provide periodic updates on claims

status to counsel for all Parties.  The Claims Administrator will maintain records of the amounts spent on the administration of the Settlement and will provide such information to counsel for all Parties on a periodic basis.

**1.7** As used herein, the terms "*Class*" and "*Class Members*" mean all persons in the United States who received a text message from or sent on behalf of Guess between October 16, 2013 and the date of entry of the Preliminary Approval Order, inclusive.  Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action.

**1.8** As used herein, the term "*Defendant*" means Guess?, Inc.

**1.9** As used herein, the terms "*Defendant's Counsel*" and "*Guess's Counsel*" means the law firm Cooley LLP.

**1.10** As used herein, the term "*Email Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Plaintiff's Counsel, Guess's Counsel, and the Court, to be provided to Class Members under Section 3.3(b) of this Settlement Agreement via electronic mail.  The Email Notice must be substantially similar to the form attached as **Exhibit D**.

**1.11** As used herein, the term "*Fairness Hearing*" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action as contained in this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Final Order and Judgment approving the Settlement contained in this Settlement Agreement should be entered.

**1.12** As used herein, the terms "*Final Order*" and "***Order Granting Final Approval of Class Settlement***" mean the Court order granting final approval of the Settlement of this Action following the Fairness Hearing.  The Final Order must be substantially similar to the form attached as **Exhibit G**.

**1.13** As used herein, the term "*Final Settlement Date*" means two Court days after the Final Order and Judgment become "final."  For the purposes of this paragraph, "final" means after (a) thirty-one (31) calendar days after the entry of the Final Order and Judgment, if no timely motions for reconsideration, appeal, or other effort to obtain review have been filed; or (b) in the event that a motion for reconsideration, appeal, or other effort to obtain review has been initiated, the date after any and all such motions, appeals or other efforts to obtain review have been finally concluded in favor of the Final Order and Judgment, any mandates have issued and jurisdiction has been returned to the Court, and the Final Order and Judgment is no longer subject to review, whether by motions, appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

**1.14** As used herein, the term "*Full Notice*" means the full legal notice of the proposed Settlement terms, as approved by Plaintiff's Counsel, Guess's counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement.  The Full Notice must be substantially similar to the form attached as **Exhibit B**.

**1.15**    As used herein, the terms "*Judgment*" and "*Final Judgment*" mean a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54.  The Judgment must be substantially similar to the form attached as **Exhibit H**.

**1.16**    As used herein, the term "*Named Plaintiff*" means Farideh Haghayeghi in her individual capacity only.

**1.17**    As used herein, the terms "*Plaintiff's Counsel*" and "*Class Counsel*" mean the law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP.

**1.18**    As used herein, the terms "*Preliminary Approval Order*" or "*Preliminary Approval and Provisional Class Certification Order*" mean the order provisionally certifying the Class for settlement purposes only, approving and directing the provision of notice to the Class, and setting the Fairness Hearing.  This order must be substantially similar to the form attached as **Exhibit A**.

**1.19**    As used herein, the term "*Publication Notice*" means a legal notice directing Class Members to the Settlement Website, as approved by Plaintiff's Counsel, Guess's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via the Internet.  The Publication Notice must be substantially similar to the form attached as **Exhibit E**.

**1.20**    As used herein, the term "*Response Deadline*" means the deadline by which Class Members must deliver Claim Forms or requests for exclusion or make objections under this Settlement Agreement.  The Response Deadline shall be ninety (90) calendar days after entry of the Preliminary Approval Order.

**1.21**    As used herein, the term "*Settlement*" means the Settlement of this Action and related claims effectuated by this Settlement Agreement.

**1.22**    As used herein, the term "*Settlement Payment*" means a one-time cash payment of fifteen U.S. dollars ($15).  No interest shall be paid on the Settlement Payment.

**1.23**    As used herein, the terms "*Settlement Voucher*" and "*Voucher*" mean a one-time use voucher redeemable for thirty U.S. dollars ($30) off merchandise at any of Guess's retail stores in the United States (no minimum purchase required).  The terms and conditions of the Vouchers are described more fully in Section 2.1 of this Settlement Agreement.

**1.24**    As used herein, the term "*Settlement Website*" means the website that shall be created for settlement administration purposes and administered by the Claims Administrator.

**1.25**    As used herein, the term "*U.S. Mail Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Plaintiff's Counsel, Guess's Counsel, and the Court, to be provided to Class Members under Section 3.3(c) of this Settlement Agreement via regular U.S. postal mail.  The U.S. Mail Notice must be substantially similar to the form attached as **Exhibit C**.

2. **SETTLEMENT TERMS.**

2.1 **Award to the Settlement Class.** Each Authorized Claimant is entitled to his or her choice of either (a) a Settlement Payment, or (b) a Settlement Voucher. To be entitled to receive either a Settlement Payment or Settlement Voucher, a Class Member must timely submit a valid and complete Claim Form and elect a form of relief. The manner for submitting a timely, valid, and complete Claim Form is specified in Section 3.6 below.

    (a) **Manner of Payment for Authorized Claimants Who Elect the $15 Settlement Payment and Time to Cash Settlement Checks**. Payments shall be made by check to the Authorized Claimants. Authorized Claimants who receive a check shall have ninety (90) calendar days from when the checks are first mailed within which to negotiate the check. Any funds from checks not negotiated within that ninety (90) calendar day period shall be returned to Guess.

    (b) **Settlement Voucher Terms and Conditions.** The Settlement Vouchers shall be subject to the following conditions: (a) Vouchers will be valid for six (6) months after issuance; (b) Vouchers are for a single-use only (may be used only one time); (c) Vouchers can be redeemed at any Guess owned retail stores in the United States; (d) Vouchers are transferable; (e) Vouchers are not redeemable for gift cards or cash, including no cash back; (f) Vouchers will not be valid for prior purchases, cannot be applied to any credit card balances, and cannot be used online; (g) Vouchers will not be replaced if lost, stolen, expired, or damaged; and (h) Vouchers may be used on sale item(s), however, they may not be combined with any other promotional coupon or voucher.

2.2 **Incentive Award to Named Plaintiff.** Guess agrees not to oppose Named Plaintiff's application for an incentive award of $5,000 and agrees to pay such amount subject to Court approval. Named Plaintiff will not seek an amount greater than $5,000 for this Action. Plaintiff's incentive award is to be paid separate and apart from the award to the Class. If the Court approves the Settlement of this Action and an incentive award to Named Plaintiff, Guess agrees to pay the incentive award approved by the Court up to $5,000 to Named Plaintiff within ten (10) Court days after both of the following events occur (a) the Final Settlement Date and (b) Named Plaintiff provides Guess with her complete Form W-9. No interest shall be paid on the incentive award.

2.3 **Attorneys' Fees and Costs.** Guess agrees not to oppose Class Counsel's application for attorneys' fees and costs of $495,000 (total) and agrees to pay such amount subject to Court approval. Plaintiff's Counsel will file any papers supporting its request for attorneys' fees and costs with the Court fourteen (14) calendar days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in Section 3.9 of this Settlement Agreement. Class Counsel will not seek an amount greater than $495,000 total for this Action. The attorneys' fees and costs are paid separate and apart from the award to the Class. If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Plaintiff's Counsel, Guess agrees to pay the attorneys' fees and costs approved by the

Court up to $495,000 (total) to Plaintiff's Counsel, specifically Strategic Legal Practices, APC, within ten (10) Court days after both of the following events occur (a) the Final Settlement Date and (b) Plaintiff's Counsel, specifically Strategic Legal Practices, APC, provides Guess with its complete Form W-9.  Plaintiff's Counsel, specifically Strategic Legal Practices, APC, shall have control over and responsibility to distribute any payment of fees and costs to Plaintiff's Counsel or any other attorney or law firm that may claim entitlement to fees and costs under this Settlement or as a result of the Action.  No interest shall be paid on the attorneys' fees and costs award.

**2.4     Settlement Implementation Costs.**  Guess shall bear all costs of providing notice to the Class in the manner prescribed in Section 3.3 below, except that any costs specific to any reverse telephone or email research to obtain further contact information for Class Members shall be split evenly between Guess and Class Counsel.  Guess shall bear all costs associated with settlement administration (*e.g.*, claim processing and Settlement Payment or Settlement Voucher distribution) by the Claims Administrator.

**2.5     Reduction in Plaintiff's Incentive Award or Class Counsel's Attorneys' Fees or Costs.**  A reduction by the Court or by an appellate court of the attorneys' fees or litigation costs or the incentive award sought by the Plaintiff and Class Counsel shall not affect any of the Parties' other rights and obligations under the Settlement Agreement.

**2.6     No Tax Liability.**  Under no circumstances will Guess or Guess's Counsel have any liability for taxes or tax expenses for Settlement Payments, the Settlement Vouchers, the incentive award sought by Plaintiff, or attorneys' fees or litigation costs sought by Class Counsel under the Settlement.  Plaintiff or Plaintiff's counsel are responsible for any taxes on any incentive award or attorneys' fees or litigation costs awarded by the Court.  Nothing in this Settlement, or statements made during the negotiation of its terms, shall constitute tax advice by Guess or Guess's Counsel.

**3.     CLASS SETTLEMENT PROCEDURES.**

**3.1     Cooperation to Obtain Court Approval.**    The Parties will jointly take reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

**3.2     Preliminary Approval and Provisional Class Certification.**    As soon as practicable after this Settlement Agreement is signed, Plaintiff must take steps to obtain preliminary approval of the class action settlement and provisional class certification from the Court.  The motion for preliminary approval of the class action settlement and provisional class certification must request the Court to:

> **(a)**     preliminarily approve this Settlement Agreement on the ground it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[,]" *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007);

(b)  preliminarily approve the form, manner, and content of the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, and Claim Form described in Sections 3.3 and 3.6 of this Settlement Agreement, and attached as **Exhibits B - F**;

(c)  set the date and time of the Fairness Hearing;

(d)  provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

(e)  find that Guess has complied with 28 U.S.C. § 1715(b);

(f)  stay all proceedings in the Action against Guess, except as may be necessary to implement or comply with the terms of the Settlement, until the Court renders a final decision on approval of the Settlement and set a briefing schedule for the papers in support of the Final Order;

(g)  conditionally appoint Named Plaintiff as the class representative for settlement purposes only; and

(h)  conditionally appoint the law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A**. Class Counsel must draft the motion papers and give Guess's Counsel drafts of the motion and proposed order to review at least three (3) calendar days before filing the motion. Guess shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval and Provisional Class Certification Order.

**3.3**   **Class Notice.**  Subject to the Court entering the Preliminary Approval Order, the Parties agree that Guess and its retained Claims Administrator will provide the Class with notice of the proposed settlement by the following methods:

(a)  **Settlement Website and Toll-Free Number**.  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up the Settlement Website and a toll-free number. The Settlement Website will post the Complaint, Settlement Agreement, Preliminary Approval Order, Full Notice, Claim Form, and within three (3) Court days after it is filed, Class Counsel's fee application. The Settlement Website will be active until at least the Final Settlement Date. The Settlement Website shall be designed and constructed to accept electronic Claim Form submission. The toll-free telephone number will receive calls relating to the Settlement and provide automated (*i.e.* not live operator) information about the Settlement. The toll-free telephone number will be active until at least the Fairness Hearing. After the Response Deadline, a recording will advise

any callers that the Response Deadline has passed and that information regarding the Settlement may be viewed on the Settlement Website.

**(b)**   **Email Notice.**   Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, Guess, through the Claims Administrator, will send an Email Notice to each Class Member for whom Guess has a valid email address.   The Email Notice will be substantially similar to the form attached as **Exhibit D**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

**(c)**   **U.S. Mail Notice.**   Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, Guess, through the Claims Administrator, will send a postcard containing the U.S. Mail Notice to each Class Member for whom Guess has a facially valid U.S. Postal address and who was not sent notice by email pursuant to Section 3.3(b) of this Settlement Agreement.   The postcard containing the U.S. Mail Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

**(d)**   **Publication Notice.**   Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, Guess, through the Claims Administrator, will implement an online media notice via an Internet text announcement containing a URL or link to the Settlement Website as part of a digital banner advertisement campaign. This online media notice will be substantially similar to the form attached as **Exhibit E**.

Before providing Email Notice and U.S. Mail Notice above, the Claims Administrator will (i) conduct a reverse telephone number search through a primary and secondary source for those numbers that Guess provides from its records for which there is no U.S. Postal address or email address and (ii) conduct a reverse email search on the U.S. Postal addresses identified through the reverse telephone number search in (i) and any original Guess records having a U.S. Postal address but no email address.   The Claims Administrator will also check all U.S. Postal addresses provided by Guess or obtained from reverse searches against the National Change of Address Database before providing U.S. Mail Notice.

**3.4**   **CAFA Notice.**   Within ten (10) calendar days after this Agreement is filed with the Court, Guess shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

**3.5**   **Proof of Notice.**   No later than ten (10) calendar days before the Fairness Hearing, Guess and the Claims Administrator will file with the Court and serve upon Class Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 3.3 of this Settlement Agreement.

**3.6     Claims Procedure.**   To be eligible to receive a Settlement Payment or Voucher, Class Members must accurately complete and submit a Claim Form and deliver that form to the Claims Administrator no later than the Response Deadline.   The Claim Form may be submitted electronically or by postal mail.   The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.   Any Class Member who fails to submit a valid and timely Claim Form will not receive any benefits under this Settlement Agreement.   Each Class Member may submit only one Claim Form.

**3.7     Right to Verify.**   The Claims Administrator may review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim.   In addition, the Claims Administrator may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member.

**3.8     Disputed Claims.**   If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.   Guess's records will be entitled to a rebuttable presumption of accuracy.

**3.9     Objections.**    Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to Class Counsel and Guess's Counsel, and must file such objection with the Court, no later than the Response Deadline.   The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.   It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Guess's Counsel.   Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).   Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.   However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.   If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.   Only Class Members who file and serve timely objections including Notices of Intention to Appear may speak at the Fairness Hearing.   If a

Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

**3.10    Exclusion from the Class.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement or the Settlement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than the Response Deadline.

        **(a)**      **Exclusion List.**  Guess must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class as provided by the Claims Administrator no later than ten (10) calendar days before the filing date for Plaintiff's motion in support of the Final Order and Judgment.

        **(b)**      **Blow-up Clause.**  Despite this Settlement Agreement, if more than two hundred fifty (250) Class Members request exclusion, then Guess may, in its sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*.  In that event: (i) the Preliminary Approval and Provisional Class Certification Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

**3.11    Settlement Payment or Settlement Voucher Distribution.**  If the Court approves the Settlement of this Action, Guess, either itself or through the Claims Administrator, must mail the Settlement Payments or Settlement Vouchers to the Authorized Claimants within forty-five (45) calendar days following the Final Settlement Date.

**4.    FINAL JUDGMENT AND RELEASES**.

**4.1    Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed Settlement and enter Judgment, the Judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.2    Final Order and Judgment.**  Before the Fairness Hearing, Plaintiff must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the forms attached as **Exhibits G** and **H,** respectively.  Subject to the Court's approval, the Final Order and Judgment shall, among other things:

        **(a)**      finally approve the Settlement Agreement as fair, reasonable and

adequate;

**(b)** finally certify the Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3);

**(c)** find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

**(d)** issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Settlement Payments and Settlement Vouchers, payment of incentive awards, and payment of Class Counsel's fees and costs;

**(e)** incorporate the release set forth in the Settlement Agreement;

**(f)** dismiss the Action with prejudice; and

**(a)** retain jurisdiction over the Action and the Parties relating to the administration, consummation, or enforcement of the Agreement or the Final Order and Judgment, and for any other necessary purpose.

Class Counsel must also draft the motion papers and give Guess's Counsel drafts of the motion and proposed order to review at least seven (7) calendar days before the motion's filing and service date/deadline. Guess shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Order and Judgment.

**4.3    Effect of Agreement if Settlement Is Not Approved.**    This Settlement Agreement was entered into only for the purpose of Settlement. In the event that the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed. In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiff as class representative, and conditional appointment of Plaintiff's counsel as Class Counsel; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Guess shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**4.4     Release as to All Class Members.**   Upon entry of the Judgment, Plaintiff and each member of the Class who has not timely requested exclusion from the Class, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released Guess, and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, attorneys, insurers and reinsurers, and Guess's and their respective successors and predecessors in interest, subsidiaries, affiliates, direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, partners and privities, and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents ("***Released Parties***"), from the Released Claims. For purposes of this Settlement Agreement, the "***Released Claims***" are defined as all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all claims related to the sending of allegedly unauthorized text messages and any alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, or similar state laws relating to allegedly unauthorized text messages.   Excluded from Released Claims are alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 or similar state laws relating to allegedly unauthorized facsimile transmissions or audio/voice calls as opposed to text messages.

As to these Released Claims, the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Class Members fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by the Class Members and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**4.5     General Release by Named Plaintiff.**   In addition to the releases made by the Class Members set forth in Section 4.4 above, effective upon entry of the Judgment, the Named

Plaintiff Farideh Haghayeghi makes the additional following general release of all claims, known or unknown.  Plaintiff Farideh Haghayeghi and each of her successors, assigns, legatees, heirs, and personal representatives, release and forever discharge the Released Parties from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent. (The release set forth in this Section shall be referred to hereinafter as the **"General Release"**). The General Release includes any unknown claims the Named Plaintiff does not know or suspect to exist in her favor at the time of the General Release, which, if known by her, might have affected her Settlement with, and release of, the Released Parties by the Named Plaintiff or might have affected her decision not to object to this Settlement Agreement or the General Release. With respect to the General Release, the Named Plaintiff stipulates and agrees that, effective upon entry of the Judgment, the Named Plaintiff shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

5.    **ADDITIONAL PROVISIONS**.

5.1    **No Admission of Liability or Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims.  Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including Guess, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.  Guess has denied and continues to deny each of the claims and contentions alleged by Plaintiff in the Action.  Guess has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.

5.2    **Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

5.3    **Fair, Adequate, and Reasonable Settlement.**    The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this

Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations, including a mediation.

**5.4    Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.5    Voluntary Agreement.**  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**5.6    Binding on Successors.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**5.7    Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**5.8    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.9    Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.10    Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.11    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.12    Exhibits.**   The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.13    Modifications and Amendments.**   No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

**5.14    Governing Law.**   This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**5.15    Further Assurances.**   Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**5.16    Agreement Constitutes a Complete Defense.**   To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.17    Execution Date.**   This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**5.18    Continuing Jurisdiction.**   The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**5.19    Counterparts.**   This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.   The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies of executed copies of this Agreement may be treated as originals.

**5.20    Recitals.**   The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.21    Inadmissibility.**   This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.   Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

**5.22    No Conflict Intended.**   Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**5.23   Notices.** Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Guess to the attention of Guess's Counsel, and if to Class Members to the attention of Class Counsel on their behalf.

| CLASS COUNSEL | GUESS'S COUNSEL |
|---|---|
| Payam Shahian<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067 | Michelle Doolin<br>Cooley LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121 |

**5.24   List of Exhibits:** The following exhibits are attached to this Settlement Agreement:

Exhibit A:   [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:   Full Notice

Exhibit C:   U.S. Mail Notice

Exhibit D:   Email Notice

Exhibit E:   Publication Notice

Exhibit F:   Claim Form

Exhibit G:   [Proposed] Order Granting Final Approval of Class Settlement

Exhibit H:   [Proposed] Final Judgment

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: September 7, 2016

*Farideh Haghayeghi*

FARIDEH HAGHAYEGHI

Dated: September __, 2016

GUESS?, INC.

By:_____
Its:_____

**5.23    Notices.**  Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Guess to the attention of Guess's Counsel, and if to Class Members to the attention of Class Counsel on their behalf.

| CLASS COUNSEL | GUESS'S COUNSEL |
|---|---|
| Payam Shahian | Michelle Doolin |
| Strategic Legal Practices, APC | Cooley LLP |
| 1840 Century Park East, Suite 430 | 4401 Eastgate Mall |
| Los Angeles, CA 90067 | San Diego, CA 92121 |

**5.24    List of Exhibits:**   The following exhibits are attached to this Settlement Agreement:

Exhibit A:     [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:     Full Notice

Exhibit C:     U.S. Mail Notice

Exhibit D:     Email Notice

Exhibit E:     Publication Notice

Exhibit F:     Claim Form

Exhibit G:     [Proposed] Order Granting Final Approval of Class Settlement

Exhibit H:     [Proposed] Final Judgment

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: September ___, 2016

FARIDEH HAGHAYEGHI

Dated: September _8_, 2016

GUESS?, INC.

By: _Sandeep Reddy_
Its: _Chief Financial Officer_

**EXHIBIT A**
**[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13
14

FARIDEH HAGHAYEGHI on behalf
of herself and all others similarly
situated,

15

Plaintiff,

16

v.

17

GUESS?, INC.,

18

Defendants.

Case No.  14-cv-00020-JAH-NLS

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

Judge: Hon. John A. Houston

19
20

On _____ (month) ____ (day), 2016, this Court heard plaintiff

21

Farideh Haghayeghi's ("Plaintiff") motion for preliminary approval of class

22

settlement and provisional class certification under Rule 23 of the Federal Rules of

23

Civil Procedure.   This Court reviewed the motion, including the Settlement

24

Agreement and Release ("Settlement Agreement").  Based on this review and the

25

findings below, the Court found good cause to grant the motion.[1]

26
27
28

---

[1]  Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1.

**FINDINGS:**

 **1.** The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

 **2.** The Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

 **3.** For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

 **4.** For settlement purposes only, Plaintiff's claims are typical of the Class's claims.

 **5.** For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

 **6.** For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

 7. Guess filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

2.

**IT IS ORDERED THAT:**

    **1.**    **Settlement Approval**.  The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-F, are preliminarily approved.

    **2.**    **Provision of Class Notice**.  Defendant Guess?, Inc. ("Guess") shall notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

    **3.**    **Claim for a Settlement Payment or Settlement Voucher**.  Class Members who want to receive a Settlement Payment or Settlement Voucher under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety (90) calendar days after entry of this Order.

    **4.**    **Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Guess's Counsel, and must file such objection with the Court, no later than ninety (90) calendar days after entry of this Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  The objection must include: (a) the name and case number of the Action "*Haghayeghi v. Guess?, Inc. et al.*, Case 14-cv-00020"; (b) the full name, address, and telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; and (d) in clear and concise terms, the legal and factual arguments supporting the objection, including a sworn affidavit or declaration under the penalty of perjury verifying the objection and setting forth facts demonstrating that the person objecting is a Class Member. Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement

Agreement.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.  If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.  Only Class Members who file and serve timely objections containing Notices of Intention to Appear may speak at the Fairness Hearing.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**5. Failure to Object to Settlement.**  Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**6. Requesting Exclusion**.  Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action "*Haghayeghi v. Guess?, Inc. et al.*, Case 14-cv-00020"; (b) the full name, address and telephone number of the person requesting exclusion (email address is optional); and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than ninety (90) calendar days after entry of this Order.

**7.     Provisional Certification**.  The Class is provisionally certified as a class of all persons who received a text message from or on behalf of Guess between October 16, 2013 and the date of entry of this Order, inclusive.  Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action.

**8.     Conditional Appointment of Class Representative and Class Counsel**.  Plaintiff Farideh Haghayeghi is conditionally certified as the Class Representative to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP are conditionally appointed as Class Counsel.  Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

**9.     Termination**.  If the Settlement Agreement terminates for any reason, the following will occur:  (a) Class certification will be automatically vacated; (b) Plaintiff will stop functioning as a Class representative; (c) Plaintiff's counsel will stop functioning as Class Counsel; and (d) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

**10.     No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11.     Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12.     **CAFA Notice.**  The Court finds that Guess has complied with 28 U.S.C. § 1715(b).

**13. Fairness Hearing.** On _____ (month) ___ (day), 2016, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing | Date |
|-------|--------|------|
| Last day for Guess, via the Claims Administrator, to send Email Notice and U.S. Mail Notice, start operating Settlement Website & providing Publication Notice | 30 calendar days after entry of this Order | |
| Last day for Plaintiff to file fee petition | 76 calendar days after entry of this Order | |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | 90 calendar days after entry of this Order | |
| Last day for parties to file briefs in support of the Final Order and Judgment | 7 calendar days before Fairness Hearing | |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Guess will not be required to provide any additional notice to Class Members.

DATED:_____       _____
                                Hon. John A. Houston
                                U.S. DISTRICT COURT JUDGE

6.

**EXHIBIT B**
**FULL NOTICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FARIDEH HAGHAYEGHI,** <br> v. <br> **GUESS?, INC., et al.** | No. 14-cv-00020-JAH-NLS |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:**  All persons who received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Southern District of California, Case No. 14-cv-00020-JAH-NLS ("Action").  If the Court gives final approval to the Settlement, Guess?, Inc. ("Guess") will provide for each Class Member who properly and timely completes and submits a Claim Form, his or her choice of a payment of $15 ("Settlement Payment") or a voucher for $30 off merchandise purchase from Guess ("Settlement Voucher").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a Settlement Payment or Settlement Voucher under the Settlement. <br><br> Visit the Settlement website located at _____ to obtain and to electronically submit a Claim Form.  You can also print and then mail the Claim Form from the website. | Deadline: _____ |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Settlement Payment or Voucher under the Settlement.  Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against Guess regarding the allegations in the Action ever again. | Deadline: _____ |

**Settlement Agreement and Release**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | You may write to the Court about why you object to (*i.e.*, don't like) the Settlement and think it shouldn't be approved.  Filing an objection does not exclude you from the Settlement. | Deadline: _____ |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for a service award for bringing the Action. You may, but are not required to, speak at the Fairness Hearing about any objection you filed to the Settlement.  If you intend to speak at the Fairness Hearing, you must also include as part of your objection a "Notice of Intention to Appear" to the Court and the parties' attorneys indicating your intent to do so. | Hearing Date: _____ |
| **DO NOTHING** | You will not receive a Settlement Payment or Voucher under the Settlement.  You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION**........................................................................................................**##**

    1.     Why did I get this notice?

    2.     What is this lawsuit about?

    3.     Why is this a class action?

    4.     Why is there a Settlement?

    5.     How do I know if I am part of the Settlement?

6.    I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ..................................................................................## 

7.    What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT PAYMENT OR VOUCHER –
SUBMITTING A CLAIM FORM** ....................................................................## 

8.    How can I get a Settlement Payment or Voucher?

9     When will I get a Settlement Payment or Voucher?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF** ..........................## 

10.    Do I have a lawyer in this case?

11.    How will the lawyers be paid?

12.    Will the Representative Plaintiff receive any compensation for
her efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ..........................................## 

13.    What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** ....................................................## 

14.    How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ..................................................................## 

15.    How do I tell the Court that I do not like the Settlement?

16.    What is the difference between excluding myself and objecting
to the Settlement?

**FAIRNESS HEARING** ..................................................................................................## 

17.    What is the Fairness Hearing?

18.    When and where is the Fairness Hearing?

19.    May I speak at the hearing?

**ADDITIONAL INFORMATION** ....................................................................................## 

20.    How do I get more information?

21.    What if my address or other information has changed or
changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.   *Why did I get this notice?*

You received this Notice because a Settlement has been reached in this Action.  According to Guess's available records you might be a member of the Settlement Class and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.   *What is this lawsuit about?*

Plaintiff Farideh Haghayeghi (the "Representative Plaintiff") filed a lawsuit against Guess on behalf of herself and all others similarly situated.  The lawsuit alleges that Guess sent text messages without the appropriate consent to send such messages.

Guess denies each and every one of the allegations of unlawful conduct, the alleged lack of appropriate consent, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.  Guess further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.  Guess denies any wrongdoing and any liability whatsoever.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiff's claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.   *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this Action, Farideh Haghayeghi) sue on behalf of other people who have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Class Members.  The company sued in this case, Guess, is called the Defendant.

### 4.   *Why is there a Settlement?*

The Representative Plaintiff has made claims against Guess.  Guess denies that it has done anything wrong or illegal and admits no liability.  The Court has **not** decided that the Representative Plaintiff or Guess should win this Action.  Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

### 5.     *How do I know if I am part of the Settlement?*

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement:  All persons who received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.  Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action.

### 6.     *I'm still not sure if I am included.*

If you are still not sure whether you are included, you can contact the Claims Administrator for free help about whether you are a Class Member.  The email address of the Claims Administrator is _____, the U.S. postal (mailing) address is _____, and the toll-free telephone number is _____.

### THE PROPOSED SETTLEMENT

### 7.     *What relief does the Settlement provide to the Class Members?*

Guess has agreed to provide the Class the option to receive either (a) a Settlement Payment of a one-time cash payment of fifteen dollars ($15) or (b) a Settlement Voucher to receive $30 off a merchandise purchase (no minimum purchase required).  The Settlement Voucher contains terms and conditions.  These are set forth in Section 2.1 of the Settlement Agreement.

### HOW TO REQUEST A SETTLEMENT PAYMENT OR VOUCHER – SUBMITTING A CLAIM FORM

### 8.     *How can I get a Settlement Payment or Voucher?*

To qualify for a Settlement Payment or Settlement Voucher, you must send in a Claim Form by the deadline.  A Claim Form is available by clicking HERE or on the Internet at the website _____.  The Claim Form may be submitted electronically or by postal mail.  Read the instructions carefully, fill out the form, and postmark it by _____ or submit it online on or before 11:59 p.m. (Pacific) on _____.

### 9.     *When will I get a Settlement Payment or Voucher?*

As described in Sections 17 and 18 below, the Court will hold a hearing on _____ at _____, to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at _____.  *Please be patient.*

**Settlement Agreement and Release**

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF

### 10. *Do I have a lawyer in this case?*

The Court has ordered that the law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP ("Class Counsel") will represent the interests of all Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. *How will the lawyers be paid?*

Guess has agreed to pay Class Counsel's attorneys' fees and costs up to $495,000, subject to approval by the Court.  You will not be required to pay any attorneys' fees or costs for Class Counsel's attorneys' fees and costs.

### 12. *Will the Representative Plaintiff receive any compensation for her efforts in bringing this Action?*

The Representative Plaintiff will request a service award (also known as an "incentive award") of up to $5,000 for her services as class representative and her efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the Representative Plaintiff.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13. *What am I giving up to obtain relief under the Settlement?*

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Guess.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against Guess regarding the allegations in the Action.  The Settlement Agreement, available on the Internet at the website _____ contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14. *How do I exclude myself from the Settlement?*

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a letter or postcard stating: **(a)** the name and case number of the Action "*Haghayeghi v. Guess?, Inc. et al.*, Case 14-cv-00020"; **(b)** your full name, address, and telephone number (email address optional); and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than _____ to the Claims Administrator at:

*Haghayeghi v. Guess?, Inc. Settlement*
c/o _____
_____
_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against Guess based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.   *How do I tell the Court that I do not like the Settlement?*

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and a service award to the Representative Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must file a written objection with the Court and serve such objection on Class Counsel and Guess's Counsel at the addresses set forth below no later than (*i.e.*, postmarked by) _____.

| CLASS COUNSEL | GUESS'S COUNSEL | COURT |
|---|---|---|
| PAYAM SHAHIAN STRATEGIC LEGAL PRACTICES, APC 1840 CENTURY PARK EAST SUITE 430 LOS ANGELES, CA 90067 | MICHELLE C. DOOLIN COOLEY LLP 4401 EASTGATE MALL SAN DIEGO, CA 92121-1909 | U.S. DISTRICT COURT SOUTHERN DIST. OF CAL. 333 WEST BROADWAY SAN DIEGO, CA 92101 |

Any written objections must state: **(a)** the name and case number of the Action "*Haghayeghi v. Guess?, Inc. et al.*, Case 14-cv-00020"; **(b)** the full name, address, and telephone number of the person objecting (email address optional); **(c)** the words "Notice of Objection" or "Formal Objection"; and **(d)** in clear and concise terms, the legal and factual arguments supporting the objection, including a sworn affidavit or declaration under the penalty of perjury verifying the objection and setting forth facts demonstrating that the person objecting is a Class Member.  You may, but need not, file and serve your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you file and serve a written objection, you may appear at the Fairness Hearing, either in

person or through personal counsel hired at your expense, to object to the Settlement Agreement.  You are not required, however, to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear".

If you intend to appear at the Fairness Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.  Also, if you intend to request the Court to allow you to call witnesses at the Fairness Hearing, such request must be made in your written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

### 16.   *What is the difference between excluding myself and objecting to the Settlement?*

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17.   *What is the Fairness Hearing?*

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiff.

### 18.   *When and where is the Fairness Hearing?*

On _____, 2016 at _____, a hearing will be held on the fairness of the proposed Settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness.  The hearing will take place before the Honorable John A. Houston in Courtroom 13B (13th Floor - Carter/Keep) of the U.S. District Court for the District of Southern District of California, located at 333 West Broadway, San Diego, CA 92101.  The hearing may be postponed to a different date or time or location without notice.  Please check _____ for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 19.   *May I speak at the hearing?*

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to.  As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely served and filed an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## ADDITIONAL INFORMATION

### 20.   *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: _____.  Alternatively, you may contact the Claims Administrator at the email address: _____, the U.S. postal address (mailing): _____, or the toll-free telephone number: _____.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should visit www.pacer.gov or the Clerk's office at 333 W Broadway #420, San Diego, CA 92101 (619-557-5600).  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

### 21.   *What if my address or other information has changed or changes after I submit a Claim Form?*

It is your responsibility to inform the Claims Administrator of your updated information. You may do so at the address below:

*Haghayeghi v. Guess?, Inc. Settlement*

_____

_____

****

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____, 2016                     By: Order of the Southern District of
                                          California
                                          HONORABLE JOHN A. HOUSTON
                                          UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT C**
**U.S. MAIL NOTICE**

**If you received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive, you may be eligible to receive your choice of either a $15 payment or a voucher redeemable for $30 off a purchase from Guess.**

**Why did I get this notice?**   A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Haghayeghi v. Guess?, Inc. et al.*, Case 14-cv-00020 ("Action"). According to available records, you might be a "Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**   The Action was filed against Guess?, Inc. ("Guess") by plaintiff Farideh Haghayeghi alleging Guess violated the Telephone Consumer Protection Act by sending text messages without appropriate consent.  Guess denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  ___No court has decided which side is right.  But both sides agreed to provide benefits to Guess customers and to resolve the case.___

**Am I a Class Member?**   You are a "Class Member" if you received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.

**What relief does the Settlement provide?**   If you are a Class Member, you are eligible to receive your choice of either a (a) Settlement Payment of a one-time cash payment of fifteen dollars ($15) or (b) Settlement Voucher to receive $30 off a merchandise purchase (no minimum purchase required).   To receive a Settlement Payment or Settlement Voucher you must timely complete and submit a valid Claim Form.  A Claim Form is available on the Internet at the Settlement Website _____.   The deadline to submit a Claim Form is _____.

**What are my other options?**   If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue Guess about the legal claims in the Action ever again.  If you exclude yourself, you cannot receive a Settlement Payment or Settlement Voucher from this Settlement.  If you stay in the Settlement, you may object to it by _____.   The detailed notice available at _____ explains how to request exclusion or object.  The Court will hold a hearing on _____ at _____ to consider whether to approve the Settlement, the request by the lawyers representing all Class Members (Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP) for $495,000 in attorneys' fees and costs, and the class representative's (Farideh Haghayeghi) request for $5,000 for her services.  You may ask to appear at the hearing, but you don't have to.

**More information?**   For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You may also write to the Claims Administrator at the email address _____ or the postal address _____ or contact the Claims Administrator by toll-free telephone call at _____.

**EXHIBIT D**
**EMAIL NOTICE**

To: _____
From: _____
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

**If you received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive, you may be eligible to receive your choice of either a $15 payment or a voucher redeemable for $30 off a purchase from Guess.**

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Haghayeghi v. Guess?, Inc. et al.*, Case 14-cv-00020 ("Action"). According to available records, you might be a "Class Member." The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Guess?, Inc. ("Guess") by plaintiff Farideh Haghayeghi alleging Guess violated the Telephone Consumer Protection Act by sending text messages without appropriate consent. Guess denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  *No court has decided which side is right.  But both sides agreed to provide benefits to Guess customers and to resolve the case.*

**Am I a Class Member?**  You are a "Class Member" if you received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.

**What relief does the Settlement provide?**  If you are a Class Member, you are eligible to receive your choice of either a (a) Settlement Payment of a one-time cash payment of fifteen dollars ($15) or (b) Settlement Voucher to receive $30 off a merchandise purchase (no minimum purchase required).  To receive a Settlement Payment or Settlement Voucher you must timely complete and submit a valid Claim Form.  A Claim Form is available on the Internet at the Settlement Website _____.  The deadline to submit a Claim Form is _____.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue Guess about the legal claims in the Action ever again.  If you exclude yourself, you cannot receive a Settlement Payment or Settlement Voucher from this Settlement.  If you stay in the Settlement, you may object to it by _____.  The detailed notice available at _____ explains how to request exclusion or object.  The Court will hold a hearing on _____ at _____ to consider whether to approve the Settlement, the request by the lawyers representing all Class Members (Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP) for $495,000 in attorneys' fees and costs, and the class representative's (Farideh Haghayeghi) request for $5,000 for her services.  You may ask to appear at the hearing, but you don't have to.

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more

**Settlement Agreement and Release**

about how to exercise your various options under the Settlement, visit _____.
You may also write to the Claims Administrator at the email address
_____ or the postal address _____ or contact the
Claims Administrator by toll-free telephone call at _____.

**EXHIBIT E**
**PUBLICATION NOTICE**

Received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive?  A settlement may affect your rights.  You could be entitled to $15 in cash or a $30 Guess merchandise voucher.  Click HERE for more info.

**EXHIBIT F**
**CLAIM FORM**

<u>**Haghayeghi v. Guess?, Inc. et al., Case 14-cv-00020., CLAIM FORM**</u>

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN _____.**

PERSONAL INFORMATION. Please legibly print or type the following information:

Name (first, middle, and last): _____

Residential Street Address: _____

City, State, and ZIP code: _____

Telephone Number: (_____)_____Email Address (optional): _____

*The above information will be used to send you your Settlement Payment or Settlement Voucher and to communicate with you if any additional information is needed for or problems arise with your claim.*

CONFIRMATION OF CLASS MEMBERSHIP

**I declare the following:**

1.  During the period of time between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive, I received a text message from or on behalf of Guess.
2.  The text message(s) were received at the following cell phone number:  (___)

*Guess may verify your claim.  Please retain in your possession any supporting phone records.*

ELECTION OF SETTLEMENT BENEFIT

☐ Thirty U.S. dollars ($30) off merchandise at any Guess owned retail stores in the United States.  *See Settlement for Voucher Terms and Conditions.*
☐ Fifteen Dollars ($15).

ACKNOWLEDGEMENT

I have received notice of the class action Settlement in this case and I am a member of the class of persons described in the notice.  I agree to release all the claims, known and unknown, stated in Section 4.4 of the Settlement Agreement.  I submit to the jurisdiction of the United States District Court for the Southern District of California with regard to my claim and for purposes of enforcing the release of claims stated in the Settlement Agreement.  I am aware that I can obtain a copy of the long-form notice and Settlement Agreement at _____ or by writing the Claims Administrator at the email address _____ or the postal address _____.  I agree to furnish additional information to support this claim if required to do so.

IF SUBMITTED ELECTRONICALLY:
☐  **I agree that by submitting this Claim Form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:
**I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct to the best of my knowledge.**

Dated:_____          Signature: _____

**Settlement Agreement and Release**

**EXHIBIT G**
**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

1

2

3

4

5

6

7

8

9

10

11          UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13

14   FARIDEH HAGHAYEGHI on behalf            Case No.  14-cv-00020-JAH-NLS
     of herself and all others similarly
15   situated,                              **[PROPOSED] ORDER GRANTING
                                            FINAL APPROVAL OF CLASS
16                    Plaintiff,             SETTLEMENT**

17          v.
                                            Judge: Hon. John A. Houston
18   GUESS?, INC.,

19                    Defendants.

20

21          On _____ (month) ____ (day), this Court heard plaintiff Farideh

22   Haghayeghi's ("Plaintiff") motion for final approval of the class action settlement.

23   This Court reviewed: (a) the motion and the supporting papers, including, the

24   Settlement Agreement and Release ("Settlement Agreement");[1] (b) any objections

25   filed with or presented to the Court; (c) the parties' responses to any objections; and

26

27   _____

28   [1]  Capitalized terms in this Order, unless otherwise defined, have the same
     definitions as those terms in the Settlement Agreement.

                                        1.

(d) counsels' arguments.  Based of this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

**1.**    Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it.  The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).  Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theory of liability; (b) the arguments raised by Guess in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

**2.**    The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Guess's Counsel resulting in the Settlement Agreement.   These negotiations were presided over by the experienced mediator Hon. Edward A. Infante (ret.).

**3.**    The Settlement Agreement provides substantial and adequate value to the class in the form of Settlement Payments and Settlement Vouchers.

**4.**    Defendant Guess, Inc. ("Guess") provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.   The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the

2.

benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

**5.**     The Parties adequately performed their obligations under the Settlement Agreement.

**6.**     For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meet all of the legal requirements for class certification for settlement purposes only under Federal Rule of Civil Procedure 23 (a) and (b)(3).

**7.**     An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience, its efforts in prosecuting this Action, and the benefits obtained for the Class.

**8.**     An incentive award to plaintiff Farideh Haghayeghi of $_____ is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this action as the Class Representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

**1.**     **Class Members**.  The Class Members are defined as:

All persons who received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.  Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action.

3.

**2.     Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order.  This order does not bind persons who filed timely and valid Requests for Exclusion.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

**3.     Release**.  Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Guess from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 4.4 and 4.5 of the Settlement Agreement and are specifically incorporated herein by this reference.

**4.     Class Relief**.  Guess, through the Claims Administrator, will issue either a Settlement Payment or Settlement Voucher to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) according to his or her election on the Claim Form pursuant to the timeline stated in Section 3.11 of the Settlement Agreement.

**5.     Attorneys' Fees and Costs**.  Class Counsel is awarded $_____ in fees and costs.  Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

**6.     Incentive Award**.  Plaintiff Farideh Haghayeghi is awarded $_____ as an incentive award.  Payment shall be made pursuant to the timeline stated in Section 2.2 of the Settlement Agreement.

**7.     Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.


DATED:_____          _____

                                     Hon. John A. Houston

                                     U.S. DISTRICT COURT JUDGE

**EXHIBIT H**
**[PROPOSED] FINAL JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

12
13

FARIDEH HAGHAYEGHI on behalf
of herself and all others similarly
situated,

14

Case No.  14-cv-00020-JAH-NLS

**[PROPOSED] FINAL JUDGMENT**

15

Plaintiff,

16
17

v.

Judge: Hon. John A. Houston

GUESS?, INC.,

18

Defendants.

19
20

The Court hereby issues its Final Judgment disposing of all claims based

21

upon the Settlement Agreement entered between Farideh Haghayeghi ("Plaintiff")

22

and Guess?, Inc. ("Guess" or "Defendant") and the Court's Order Granting Final

23

Approval of Class Settlement.

24

**IT IS ORDERED AND ADJUDGED THAT**:

25

**1.**      In the Order Granting Final Approval of Class Settlement, the Court

26

granted final certification for purposes of settlement only of a Class defined as: "All

27

persons who received a text message from or on behalf of Guess between October

28

16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.

1.

Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action."

**2.** All persons who satisfy the class definition above are "Class Members." However, persons who timely filed valid requests for exclusion are not Class Members. The list of excluded persons is attached hereto as Exhibit 1.

**3.** In the Order Granting Final Approval of Class Settlement, the Court found that notice of the Settlement Agreement and Release ("Settlement Agreement") was provided to Class Members by email, postal mail, and an online advertisement in compliance with Section 3.3 of the Settlement Agreement, Federal Rule of Civil Procedure 23, and due process.

**4.** Plaintiff Farideh Haghayeghi is awarded $_____ as an incentive award.

**5.** To each Class Member who submitted a timely and valid Claim Form, depending upon the election of the Class Member on the Claim Form, Guess (through the Claims Administrator) shall issue either a check for $15 ("Settlement Payment") or a voucher ("Settlement Voucher") for $30 off a purchase from Guess (no minimum purchase required). The checks constituting Settlement Payment shall be negotiable for ninety (90) calendar days. The Settlement Vouchers shall be subject to the following conditions: (a) Vouchers will be valid for six (6) months after issuance; (b) Vouchers are for a single-use only (may be used only one time); (c) Vouchers can be redeemed at any of Guess's retail stores in the United States; (d) Vouchers are transferable; (e) Vouchers are not redeemable for gift cards or cash, including no cash back; (f) Vouchers will not be valid for prior purchases, cannot be applied to any credit card balances, and cannot be used online; (g) Vouchers will not be replaced if lost, stolen, expired, or damaged; (h) Vouchers may be used on sale item(s), however, they may not be combined with any other promotional coupon or Voucher.

**6.**     All Class Members who did not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released Guess, and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, attorneys, insurers and reinsurers, and Guess's and their respective successors and predecessors in interest, subsidiaries, affiliates, direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, partners and privities, and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents ("***Released Parties***"), from the Released Claims.   For purposes of this Settlement Agreement, the "***Released Claims***" are defined as all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all claims related to the sending of allegedly unauthorized text messages and any alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, or similar state laws relating to allegedly unauthorized text messages.  Excluded from Released Claims are alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 or similar state laws relating to allegedly unauthorized facsimile transmissions or audio/voice calls as opposed to text messages.

As to these Released Claims, the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive

and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Class Members fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

      **7.**     Plaintiff Farideh Haghayeghi and each of her successors, assigns, legatees, heirs, and personal representatives, release and forever discharge the Released Parties from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent. (The release set forth in this Section shall be referred to hereinafter as the **"General Release"**).  The General Release includes any unknown claims the Named Plaintiff does not know or suspect to exist in her favor at the time of the General Release,

4.

which, if known by her, might have affected her Settlement with, and release of, the Released Parties by the Named Plaintiff or might have affected her decision not to object to this Settlement Agreement or the General Release.  With respect to the General Release, the Named Plaintiff stipulates and agrees that, effective upon entry of the Judgment, the Named Plaintiff shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**8.**     All Class Members are bound by this Final Judgment, by the Order Granting Final Approval of Class Settlement, and by the terms of the Settlement Agreement.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

DATED:_____          _____

                                                 Hon. John A. Houston

                                                 U.S. DISTRICT COURT JUDGE

5.