Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
Christine Lee (State Bar No. 297332)
clee@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, California 90067
Telephone:  (310) 277-1040
Facsimile:   (310) 943-3838

Matthew R. Mendelsohn (Admitted *Pro Hac Vice*)
mmendelsohn@mskf.net
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 228-9898
Facsimile:   (973) 228-0303

Attorneys for Plaintiff Farideh Haghayeghi

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUESS ?, INC.;<br><br>Defendant. | Case No.: 14-cv-00020-JAH-NLS<br><br>**DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:          November 7, 2016<br>Time:         2:30 p.m.<br>Location:    Courtroom 13B<br><br>Complaint Filed:   January 3, 2014 |

# DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, declare:

1. I am an attorney admitted to the Bar of the State of California and the United States District Court, Southern District of California. I am a Shareholder of Strategic Legal Practices, APC ("Strategic"), counsel of record for Plaintiff Farideh Haghayeghi in the above entitled matter. My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of the file, relevant court records and communications with other Plaintiff's counsel, and if called as a witness, I could and would competently testify thereto. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Motion").

## Case Background

2. Plaintiff alleges that Guess sent text messages to cellular phone numbers using an automatic telephone dialing system without the recipient's prior express consent. On January 3, 2014, Plaintiff filed a Complaint in the U.S. District Court for the Southern District of California that asserts claims for alleged violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and seeks statutory damages (the "Action"). On June 19, 2014, Plaintiff filed a First Amended Complaint.

3. On July 16, 2014 Guess filed a Motion to Dismiss Plaintiff's First Amended Complaint, Motion to Strike the Class Allegations or in the Alternative, Motion for a More Definite Statement, and on March 24, 2015, the Court issued an order denying Guess's motion.

4. On April 7, 2015, Guess answered the Complaint. In its Answer, Guess denied the Complaint's allegations, denied that Plaintiff or the putative class have been damaged in any sum whatsoever, denied that Plaintiff or the putative

class are entitled to the relief requested or any other relief, and asserted several affirmative defenses.

5. On May 18, 2015, the Parties prepared statements for, and participated in, an Early Neutral Evaluation Conference before Magistrate Judge Nita L. Stormes. The case did not settle.

6. On September 28, 2015, Guess filed a Motion to Temporarily Stay Action pending the outcome of a consolidated petition challenging the validity of the FCC's July 2015 Omnibus TCPA Declaratory Ruling. The Court withdrew this Motion to Temporarily Stay on September 15, 2016, the day the instant Motion was filed, because the parties reached a settlement. *See* ECF/CM Doc. No. 87.

7. On January 6, 2016, the Parties participated in a full day mediation session in Los Angeles, California before Hon. Edward A. Infante (ret.) of JAMS, Inc. Although the mediation provided a constructive forum for discussing settlement of the Class claims, it did not result in a settlement.

8. After the mediation, the Parties, with the assistance of Judge Infante, engaged in additional efforts over the course of several months to settle the Class claims, which included a mediator's proposal on February 18, 2016. The Parties accepted the mediator's proposal, thereby resolving the underlying Class claims.

9. Only after the Class claims were resolved did the Parties begin negotiation of attorneys' fees and the Named Plaintiff's Incentive Award. These issues were eventually resolved by way of another mediator's proposal.

10. In sum, as a result of the progress made at the mediation and the subsequent discussions, the Parties were able to reach a Settlement of the Action, the terms of which are set forth in the Agreement.

11. Plaintiff and Guess have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action. The Parties have conducted formal and informal discovery,

including but not limited to propounding and responding to Requests for Production and Interrogatories. The Parties have also engaged in extensive discovery motion practice, including filing three discovery motions (one by Plaintiff and two by Guess).

### Fairness, Reasonableness, and Adequacy of the Settlement

12. I believe that under the circumstances, the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class Members. Although I strongly believe in the merits of Plaintiff's case, I also believe that continuing this Action poses significant risks. In addition to the general risks of litigating a complex class action, Guess raised a number of substantive defenses to certification and liability: for example, that it did not use an ATDS to send text messages; that it obtained prior written express consent before sending text messages; and that Plaintiff is neither an adequate nor a typical class representative. Further, on September 28, 2015, Guess filed a Motion to Stay this action pending the resolution of a petition challenging the FCC's July 2015 Omnibus Declaratory Ruling. The Court withdrew this motion on September 15, 2016, the day the instant Motion was filed, because the parties reached a settlement. *See* ECF/CM Doc. No. 87. Had the Court not withdrawn this Motion to Stay, and had it been granted, this litigation could have been stayed for months, if not years, thereby delaying (if not entirely denying) relief to the Class. Indeed, despite the petition being filed on July 10, 2015, the D.C. Circuit Court will not hear oral arguments until October 19, 2016.

13. I am unaware of any competing litigation regarding the claims at issue in this case.

### Strategic's Founding and Background

14. I graduated *cum laude* from UCLA in 2000 and then attended the University of California, Hastings College of the Law, from which I graduated in 2003.

15. Between 2004 and 2007, I worked at Bowman & Brooke LLP, a national defense firm where I primarily represented Ford Motor Company in over 150 consumer warranty cases.

16. Since 2007, I have represented both consumers and employees in well over 50 class action matters.

17. In 2007, I joined a plaintiff class action firm, and in 2010, I established Strategic.  Our practice focuses mainly on consumer class actions and breach of warranty cases.

18. Since 2010, Strategic has achieved final approval on behalf of hundreds of thousands of consumers in seven separate nationwide consumer class action settlements.  (*See infra* ¶ 20.)

**Certification of Class Actions, Including in the TCPA and Consumer Protection Contexts**

19. Strategic, along with co-counsel, successfully certified a TCPA class action involving text messages (where certification was contested).  In *Meyer v. Bebe Stores, Inc.*, No. 14-267, ECF/CM Doc. No. 106 (Aug. 22, 2016), plaintiff successfully certified a class of individuals who received text messages from Bebe after October 16, 2013.

20. Additionally, Strategic has successfully certified contested class actions in the consumer protection and employee rights contexts.  In *Keegan v. American Honda Motor Co., Inc.*, 284 F.R.D. 504 (C.D. Cal. June 12, 2012), I, along with co-counsel, helped certify a multi-state class of owners and lessees of 2006-2007 Honda Civics and 2006-2008 Honda Civic Hybrids with defective rear suspensions.  In addition to certifying various causes of action, based on my personal research, *Keegan* was the first case in which an implied warranty cause of action under the Song-Beverly Act was certified.  In *Mazza v. Am. Honda Motor Co., Inc.* (C.D. Cal., Case No. 07-07857 C.D. Cal.), as one of the lead attorneys in the case, I helped certify a nationwide class of Acura owners alleging, *inter alia*,

violations of California's Unfair Competition Law and the Consumer Legal Remedies Act in connection with allegations that Honda failed to disclose, pre-purchase, material information about the braking system to the class members. *Mazza v. Am. Honda Motor Co., Inc.*, 254 F.R.D. 610 (2008), *vac'd by Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012); *but see Yamada v. Nobel Biocare Holding AG*, Case No. 10-04849, Dkt. No. 144, 3 (C.D. Cal. Aug. 31, 2012) (noting that "the Court agrees with the *Mazza* dissent," and holding that application of California law to the nationwide class was proper). *See also In Re Pom Wonderful LLC Marketing And Sales Practices Litigation*, 2012 WL 4490860 (C.D. Cal. 2012) (applying California law to the nationwide class). At the time, based on my personal research, *Mazza* was one of the first two cases to have successfully certified UCL and CLRA claims on behalf of a nationwide class. In *Clymer v. Candle Acquisition Co.*, Case No. BC328765 (L.A. Super. Ct. 2009), after a successful appeal, plaintiffs' certification motion was granted as to wage statement violations under California Labor Code section 226 and California Business and Professions Code sections 17200 *et seq*.

### **Appellate Practice**

21. I also have experience in appellate practice, allowing me to fully litigate any consumer class actions while preserving the continuity that is established at the trial court level. *See Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 422 Fed. Appx. 617 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of class certification where plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (2010) (ruling that the lower court erred when sustaining defendant's demurrer without leave to amend in putative class action alleging violations of Labor Code statutes and unfair competition); *Khani v. Ford Motor Company*, 215 Cal. App. 4th 916 (April 2, 2013) (reversing trial court's order, which had disqualified me and my law firm, Strategic, from

representing Mr. Khani in a consumer warranty case because I formerly represented Ford).

### Record of Settlements on Behalf of Consumers and Employees

22. As class counsel, I have achieved final approval on behalf of hundreds of thousands of consumers nationwide. *See, e.g.*, *Zakskorn v. American Honda Motor Co., Inc.*, Case No. 11-02610, Dkt. No. 86 (E.D. Cal. June 9, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Honda Civic vehicles for alleged brake pad defect); *Asghari v. Volkswagen Group of America*, Case No. 13-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Audi and Volkswagen vehicles for alleged oil consumption defect); *Aarons v. BMW of North America,* LLC, Case No. 11-7667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (as class counsel, achieved nationwide settlement on behalf of consumer of certain MINI vehicles for alleged transmission defect); *Keegan v. American Honda Motor Co, Inc.*, Case No. 10-09508, Dkt. No. 171 (C.D. Cal. Jan. 21, 2014) (as class-counsel, achieved a nationwide settlement on behalf of consumers of certain Honda Civics for alleged rear suspension defect); *Kennedy-Lebar v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 100 (D.N.J. 2013) (as class counsel, achieved a nationwide settlement on behalf of consumers of certain Audi vehicles for alleged headlight defect); *Sadowska v. Volkswagen Group of America, Inc.*, Case No. 11-00665, Dkt. No. 127 (C.D. Cal. 2013) (as class counsel, achieved a nationwide settlement on behalf of approximately 64,000 consumers of certain Audi vehicles for alleged transmission defect); *In re Mini Windshield Actions* (*Ehrlich v. BMW*), Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (as class counsel, achieved a nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010)

1 | (nationwide class action settlement involving over a 100,000 vehicles with an
2 | alleged water leak defect).

4 |     I declare under penalty of perjury under the laws of the United States that
5 | the foregoing is true and correct.

8 | Executed on September 15, 2016     __/s/_____
9 |                                     Payam Shahian