UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI,<br><br>         Plaintiff,<br><br>v.<br><br>GUESS?, INC.,<br><br>         Defendant. | Case No.: 14cv00020 JAH - NLS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [Doc. No. 88]** |

On September 15, 2016, Plaintiff filed a motion for preliminary approval of class action settlement and certification of the settlement class. Defendant filed a response in support of the motion. Having reviewed the motion and documents submitted in support, including the settlement agreement and release, the Court finds good cause to grant the motion.

Specifically, the Court finds, the following:

1. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate.

2. The Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, and Claim Form, attached to the Settlement Agreement, and their manner of transmission, comply with Rule 23 and due process because the notices and forms

1

are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3. For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

4. For settlement purposes only, Plaintiff's claims are typical of the Class's claims.

5. For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6. For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Defendant filed a copy of the notice it gave on September 22, 2016 pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

Accordingly, IT IS HEREBY ORDERED:

1. **Settlement Approval.** The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-F, are preliminarily approved.

2. **Provision of Class Notice.** Defendant Guess?, Inc. ("Guess") shall notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

3. **Claim for a Settlement Payment or Settlement Voucher.** Class Members who want to receive a Settlement Payment or Settlement Voucher under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety (90) calendar days after entry of this Order.

4.     **Objection to Settlement.**  Class Members who have not submitted a  timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Guess's Counsel, and must file such objection with the Court, no later than ninety (90) calendar days after entry of this Order.  The  delivery  date  is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  The objection must include:

 (a) the name and case number of the  Action "Haghayeghi v. Guess?, Inc. et al., Case 14-cv-00020"; (b) the full name, address, and telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; and (d) in clear and concise terms, the legal and factual arguments supporting the objection, including a sworn affidavit or declaration under the penalty of perjury verifying the objection and setting forth facts demonstrating that the person objecting is a Class Member.

Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If  the  objecting  Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.  Only Class Members who file and serve timely

objections containing Notices of Intention to Appear may speak at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion.** Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating:

(a) the name and case number of the Action "Haghayeghi v. Guess?, Inc. et al., Case 14-cv-00020"; (b) the full name, address and telephone number of the person requesting exclusion (email address is optional); and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than ninety (90) calendar days after entry of this Order.

7. **Provisional Certification.** The Class is provisionally certified as a class of all persons who received a text message from or on behalf of Guess between October 16, 2013 and the date of entry of this Order, inclusive. Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action.

8. **Conditional Appointment of Class Representative and Class Counsel.** Plaintiff Farideh Haghayeghi is conditionally certified as the Class Representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, and Rosner, Barry & Babbitt, LLP are conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

9. **Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiff will stop functioning as a Class representative; (c) Plaintiff's counsel will stop functioning as Class Counsel; and (d) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party. Stay of Dates and Deadlines. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

11. **CAFA Notice.** The Court finds that Guess has complied with 28 U.S.C. § 1715(b).

12. **Fairness Hearing.** On **April 24, 2017 at 2:30 p.m.** this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, and adequate. Based on the date of this order and the date of the Fairness hearing, the following are the certain dates associated with this settlement:

| Event | Timing | Date |
|---|---|---|
| Last day for Guess, via the Claims Administrator, to send Email Notice and U.S. Mail Notice, start operating Settlement Website & providing Publication Notice | 30 calendar days after entry of this Order | **December 8, 2016** |
| Last day for Plaintiff to file fee petition | 76 calendar days after entry of this Order | **January 23, 2017** |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | 90 calendar days after entry of this Order | **February 6, 2017** |
| Last day for parties to file briefs in support of the Final Order and Judgment | 7 calendar days before Fairness Hearing | **April 10, 2017** |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Guess will not be required to provide any additional notice to Class Members.

DATED:     November 8, 2016

_____
JOHN A. HOUSTON
United States District Judge