1  Payam Shahian (State Bar No. 228406)
   pshahian@slpattorney.com
2  Christine Lee (State Bar No. 297332)
   clee@slpattorney.com
3  **STRATEGIC LEGAL PRACTICES, APC**
   1840 Century Park East, Suite 430
4  Los Angeles, California 90067
   Telephone:  (310) 277-1040
5  Facsimile:   (310) 943-3838

6  Attorneys for Plaintiff Farideh Haghayeghi

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>GUESS ?, INC.;<br><br>  Defendant. | Case No.: 14-cv-00020-JAH-NLS<br><br>**DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       April 24, 2017<br>Time:       2:30 p.m.<br>Location:  Courtroom 13B |

# DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, declare:

1. I am an attorney admitted to the Bar of the State of California and the United States District Court, Southern District of California. I am a Shareholder of Strategic Legal Practices, APC ("Strategic"), counsel of record for Plaintiff Farideh Haghayeghi in the above entitled matter. My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of the file, relevant court records and communications with other Plaintiff's counsel, and if called as a witness, I could and would competently testify thereto. I submit this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion").

## Case Background

2. Prior to the filing of this action, Strategic researched Guess, including its loyalty program and its text messaging practices, and conducted research into potential causes of action and other cases where the same or similar allegations were alleged.

3. The Parties conducted formal and informal discovery, including but not limited to propounding and responding to Requests for Production and Interrogatories. The Parties also engaged in extensive meet and confer efforts and related discovery motion practice, including filing three discovery motions (one by Plaintiff and two by Guess). Plaintiff also subpoenaed discovery from several third-party entities that were allegedly involved in Defendant's text messaging program.

4. On January 6, 2016, the Parties participated in a full day mediation session before Hon. Edward A. Infante (ret.) of JAMS, Inc. Although the mediation provided a constructive forum for settlement discussions, it did not result in a settlement.

5. After the mediation, with the assistance of Judge Infante, the parties engaged in additional efforts to settle the Class claims. The Parties resolved the underlying Class claims in mid-February 2016.

6. Only after resolving the Class claims did the Parties begin negotiation of attorneys' fees, costs and the Named Plaintiff's Incentive Award. These issues were eventually resolved with the assistance of the mediator.

7. Attached as **Exhibit 1** is a true and correct copy of the July 7, 2016 objection filed by Melissa Randolph in the *Cool Alert* class action.

8. Attached as **Exhibit 2** is a true and correct copy of the July 7, 2016 objection filed by Melissa Randolph in *Willis v. iHeartMedia*.

### Fairness, Reasonableness, and Adequacy of the Settlement

9. I believe that under the circumstances, the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class Members. Although I strongly believe in the merits of Plaintiff's case, I also believe that continuing this Action poses significant risks. In addition to the general risks of litigating a complex class action, Guess raised a number of substantive defenses to certification and liability: for example, that it did not use an ATDS to send text messages; that it obtained prior consent or written express consent before sending text messages; and that Plaintiff is neither an adequate nor a typical class representative. Further, on September 28, 2015, Guess filed a Motion to Stay this action pending the resolution of a petition challenging the FCC's July 2015 Omnibus Declaratory Ruling. The Court had not yet ruled on the motion at the time of the settlement. Were the Court to grant the motion, this litigation could be stayed for months, if not years, thereby delaying (if not entirely denying) relief to the Class. Indeed, despite the petition being filed on July 10, 2015, the D.C. Circuit Court still has not ruled on the petition.

### Strategic's Founding and Background

10. I graduated *cum laude* from UCLA in 2000 and then attended the University of California, Hastings College of the Law, from which I graduated in 2003.

11. Between 2004 and 2007, I worked at Bowman & Brooke LLP, a national defense firm where I primarily represented Ford Motor Company in over 150 consumer warranty cases.

12. Since 2007, I have represented both consumers and employees in well over 50 class action matters.

13. In 2007, I joined a plaintiff class action firm, and in 2010, I established Strategic. Our practice focuses mainly on consumer class actions and breach of warranty cases.

14. Since 2010, Strategic has achieved final approval on behalf of hundreds of thousands of consumers in seven separate nationwide consumer class action settlements. (*See infra* ¶ 18.)

**Certification of Class Actions, Including in the TCPA and Consumer Protection Contexts**

15. Strategic, along with co-counsel, successfully certified a TCPA class action involving text messages (where certification was contested). In *Meyer v. Bebe Stores, Inc.*, No. 14-267, ECF/CM Doc. No. 106 (Aug. 22, 2016), plaintiff successfully certified a class of individuals who received text messages from Bebe after October 16, 2013, and later defeated a motion to decertify and motion to strike the class allegations. *See Meyer v. Bebe Stores, Inc.*, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015); *Meyer v. Bebe Stores, Inc.*, 2017 WL 558017 (N.D. Cal. Feb. 10, 2017).

16. Additionally, Strategic has successfully certified contested class actions in the consumer protection and employee rights contexts. In *Keegan v. American Honda Motor Co., Inc.*, 284 F.R.D. 504 (C.D. Cal. June 12, 2012), I, along with co-counsel, helped certify a multi-state class of owners and lessees of

2006-2007 Honda Civics and 2006-2008 Honda Civic Hybrids with defective rear suspensions. In addition to certifying various causes of action, based on my personal research, *Keegan* was the first case in which an implied warranty cause of action under the Song-Beverly Act was certified. In *Mazza v. Am. Honda Motor Co., Inc.* (C.D. Cal., Case No. 07-07857 C.D. Cal.), as one of the lead attorneys in the case, I helped certify a nationwide class of Acura owners alleging, *inter alia*, violations of California's Unfair Competition Law and the Consumer Legal Remedies Act in connection with allegations that Honda failed to disclose, pre-purchase, material information about the braking system to the class members. *Mazza v. Am. Honda Motor Co., Inc.*, 254 F.R.D. 610 (2008), *vac'd by Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012); *but see Yamada v. Nobel Biocare Holding AG*, Case No. 10-04849, Dkt. No. 144, 3 (C.D. Cal. Aug. 31, 2012) (noting that "the Court agrees with the *Mazza* dissent," and holding that application of California law to the nationwide class was proper). *See also In Re Pom Wonderful LLC Marketing And Sales Practices Litigation*, 2012 WL 4490860 (C.D. Cal. 2012) (applying California law to the nationwide class). At the time, based on my personal research, *Mazza* was one of the first two cases to have successfully certified UCL and CLRA claims on behalf of a nationwide class. In *Clymer v. Candle Acquisition Co.*, Case No. BC328765 (L.A. Super. Ct. 2009), after a successful appeal, plaintiffs' certification motion was granted as to wage statement violations under California Labor Code section 226 and California Business and Professions Code sections 17200 *et seq.*

### Appellate Practice

17. I also have experience in appellate practice, allowing me to fully litigate any consumer class actions while preserving the continuity that is established at the trial court level. *See Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 422 Fed. Appx. 617 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of class certification where plaintiff alleged Toyota failed to

disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (2010) (ruling that the lower court erred when sustaining defendant's demurrer without leave to amend in putative class action alleging violations of Labor Code statutes and unfair competition); *Khani v. Ford Motor Company*, 215 Cal. App. 4th 916 (April 2, 2013) (reversing trial court's order, which had disqualified me and my law firm, Strategic, from representing Mr. Khani in a consumer warranty case because I formerly represented Ford).

### Record of Settlements on Behalf of Consumers and Employees

18.     As class counsel, I have achieved final approval on behalf of hundreds of thousands of consumers nationwide. *See, e.g.*, *Zakskorn v. American Honda Motor Co., Inc.*, Case No. 11-02610, Dkt. No. 86 (E.D. Cal. June 9, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Honda Civic vehicles for alleged brake pad defect); *Asghari v. Volkswagen Group of America*, Case No. 13-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Audi and Volkswagen vehicles for alleged oil consumption defect); *Aarons v. BMW of North America,* LLC, Case No. 11-7667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (as class counsel, achieved nationwide settlement on behalf of consumer of certain MINI vehicles for alleged transmission defect); *Keegan v. American Honda Motor Co, Inc.*, Case No. 10-09508, Dkt. No. 171 (C.D. Cal. Jan. 21, 2014) (as class-counsel, achieved a nationwide settlement on behalf of consumers of certain Honda Civics for alleged rear suspension defect); *Kennedy-Lebar v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 100 (D.N.J. 2013) (as class counsel, achieved a nationwide settlement on behalf of consumers of certain Audi vehicles for alleged headlight defect); *Sadowska v. Volkswagen Group of America, Inc.*, Case No. 11-00665, Dkt. No. 127 (C.D. Cal. 2013) (as class counsel, achieved a nationwide settlement on behalf of approximately 64,000

consumers of certain Audi vehicles for alleged transmission defect); *In re Mini Windshield Actions* (*Ehrlich v. BMW*), Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (as class counsel, achieved a nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over 100,000 vehicles with an alleged water leak defect).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 6, 2017        /PAYAM SHAHIAN/
                                 Payam Shahian