Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
Christine Lee (State Bar No. 297332)
clee@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, California 90067
Telephone:   (310) 277-1040
Facsimile:    (310) 943-3838

Attorneys for Plaintiff Farideh Haghayeghi

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>GUESS ?, INC.;<br><br>        Defendant. | Case No.: 14-cv-00020-JAH-NLS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      April 24, 2017<br>Time:     2:30 p.m.<br>Location:  Courtroom 13B |

On _____ (month) ___ (day), this Court heard plaintiff Farideh Haghayeghi's ("Plaintiff") motion for final approval of the class action settlement. This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement");[1] (b) any objections filed with or presented to the Court; (c) the parties' responses to any objections; and (d) counsels' arguments.  Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1.       Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it.  The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).  Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Guess in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

2.       The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Guess's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by the experienced mediator Hon. Edward A. Infante (ret.).

_____
[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

**3.**     The Settlement Agreement provides substantial and adequate value to the class in the form of Settlement Payments and Settlement Vouchers.

**4.**     Defendant Guess, Inc. ("Guess") provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

**5.**     The Parties adequately performed their obligations under the Settlement Agreement.

**6.**     For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meet all of the legal requirements for class certification for settlement purposes only under Federal Rule of Civil Procedure 23 (a) and (b)(3).

**7.**     An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience, its efforts in prosecuting this Action, and the benefits obtained for the Class.

**8.**     An incentive award to plaintiff Farideh Haghayeghi of $_____ is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this

action as the Class Representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

     **1.**     **Class Members**. The Class Members are defined as:

All persons who received a text message from or on behalf of Guess between October 16, 2013 and [the date of entry of the Preliminary Approval Order], inclusive.  Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action.

     **2.**     **Binding Effect of Order**. This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order.  This order does not bind persons who filed timely and valid Requests for Exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

     **3.**     **Release**. Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Guess from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 4.4 and 4.5 of the Settlement Agreement and are specifically incorporated herein by this reference.

     **4.**     **Class Relief**. Guess, through the Claims Administrator, will issue either a Settlement Payment or Settlement Voucher to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) according to his or her election on the Claim Form pursuant to the timeline stated in Section 3.11 of the Settlement Agreement.

**5.    Attorneys' Fees and Costs**. Class Counsel is awarded $\underline{\hspace{3cm}}$ in fees and costs.  Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

**6.    Incentive Award**. Plaintiff Farideh Haghayeghi is awarded $\underline{\hspace{3cm}}$ as an incentive award.  Payment shall be made pursuant to the timeline stated in Section 2.2 of the Settlement Agreement.

**7.    Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.


DATED: _____    _____

Hon. John A. Houston

U.S. DISTRICT COURT JUDGE

_____