# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIDEH HAGHAYEGHI, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GUESS ?, INC.;<br><br>　　　　Defendant. | Case No.: 14-cv-00020-JAH-NLS<br><br>**FINAL JUDGMENT** |

　　　　The Court hereby issues its Final Judgment disposing of all claims based upon the Settlement Agreement entered between Farideh Haghayeghi ("Plaintiff") and Guess?, Inc. ("Guess" or "Defendant") and the Court's Order Granting Final Approval of Class Settlement.

**IT IS ORDERED AND ADJUDGED THAT**:

　　　　**1.**　　In the Order Granting Final Approval of Class Settlement, the Court granted final certification for purposes of settlement only of a Class defined as: "All persons who received a text message from or on behalf of Guess between October

1

16, 2013, and November 8, 2016, inclusive. Excluded from the Class are Guess's Counsel, Guess's officers and directors, and the judge presiding over the Action."

**2.** All persons who satisfy the class definition above are "Class Members." However, persons who timely filed valid requests for exclusion are not Class Members. The list of excluded persons is attached hereto as Exhibit A.

**3.** In the Order Granting Final Approval of Class Settlement, the Court found that notice of the Settlement Agreement and Release ("Settlement Agreement") was provided to Class Members by email, postal mail, and an online advertisement in compliance with Section 3.3 of the Settlement Agreement, Federal Rule of Civil Procedure 23, and due process.

**4.** Plaintiff Farideh Haghayeghi is awarded $5,000 as an incentive award.

**5.** To each Class Member who submitted a timely and valid Claim Form, depending upon the election of the Class Member on the Claim Form, Guess (through the Claims Administrator) shall issue either a check for $15 ("Settlement Payment") or a voucher ("Settlement Voucher") for $30 off a purchase from Guess (no minimum purchase required). The checks constituting Settlement Payment shall be negotiable for ninety (90) calendar days. The Settlement Vouchers shall be subject to the following conditions: (a) Vouchers will be valid for six (6) months after issuance; (b) Vouchers are for a single-use only (may be used only one time); (c) Vouchers can be redeemed at any of Guess's retail stores in the United States; (d) Vouchers are transferable; (e) Vouchers are not redeemable for gift cards or cash, including no cash back; (f) Vouchers will not be valid for prior purchases, cannot be applied to any credit card balances, and cannot be used online; (g) Vouchers will not be replaced if lost, stolen, expired, or damaged; (h) Vouchers may be used on sale item(s), however, they may not be combined with any other promotional coupon or Voucher.

FINAL JUDGMENT

**6.** All Class Members who did not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released Guess, and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, attorneys, insurers and reinsurers, and Guess's and their respective successors and predecessors in interest, subsidiaries, affiliates, direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, partners and privities, and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents ("***Released Parties***"), from the Released Claims. For purposes of this Settlement Agreement, the "***Released Claims***" are defined as all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all claims related to the sending of allegedly unauthorized text messages and any alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, or similar state laws relating to allegedly unauthorized text messages. Excluded from Released Claims are alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 or similar state laws relating to allegedly unauthorized facsimile transmissions or audio/voice calls as opposed to text messages.

As to these Released Claims, the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Class Members fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

7.  Plaintiff Farideh Haghayeghi and each of her successors, assigns, legatees, heirs, and personal representatives, release and forever discharge the Released Parties from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent. (The release set forth in this Section shall be referred to hereinafter as the **"General Release"**). The General Release includes any unknown claims the Named Plaintiff

does not know or suspect to exist in her favor at the time of the General Release, which, if known by her, might have affected her Settlement with, and release of, the Released Parties by the Named Plaintiff or might have affected her decision not to object to this Settlement Agreement or the General Release. With respect to the General Release, the Named Plaintiff stipulates and agrees that, effective upon entry of the Judgment, the Named Plaintiff shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**8.** All Class Members are bound by this Final Judgment, by the Order Granting Final Approval of Class Settlement, and by the terms of the Settlement Agreement.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

DATED: April 24, 2017

_____
Hon. John A. Houston
U.S. DISTRICT COURT JUDGE

5